FILED

1   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
2   ELIZABETH A. FALCONE (SB# 219084)
    elizabethfalcone@paulhastings.com
3   JENNIFER A. AWREY (SB# 244332)
    jenniferawrey@paulhastings.com
4   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071
6   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
7
    Attorneys for Defendants
8   UNITED PARCEL SERVICE, INC.; UPS GROUND
    FREIGHT, INC.; and OVERNITE CORPORATION
9

2008 JUL 25  PM 12: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   WESTERN DIVISION

13

14  JAIME CASTRO and REYES          Case No.  CV08-04898
    ALVAREZ as individuals and on
15  behalf of all other similarly situated,   NOTICE OF REMOVAL OF CIVIL
                                    ACTION
16              Plaintiffs,
                                    Los Angeles Superior Court Case
17       vs.                        No. BC393239

18  UPS GROUND FREIGHT, INC., a
    corporation; UNITED PARCEL
19  SERVICE, INC., a corporation;
    OVERNITE CORP., a corporation;
20  and DOES 1 through 20, inclusive,

21              Defendants.

22

23

24

25

26

27

28

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS

3  JAIME CASTRO AND REYES ALVAREZ, AND TO THEIR ATTORNEYS OF

4  RECORD:

5

6          PLEASE TAKE NOTICE THAT Defendants United Parcel Service,

7  Inc., UPS Ground Freight, Inc., and Overnite Corporation ("Defendants") hereby

8  remove this action from the Superior Court of the State California for the County of

9  Los Angeles to the United States District Court for the Central District of

10  California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C.

11  sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-

12  2, § 4(a), 119 Stat. 9), and 1441(a) and (b), for the reasons stated below:

13

14          1.      On or about June 24, 2008, plaintiffs Jaime Castro and Reyes

15  Alvarez ("Plaintiffs") filed a Complaint in the Superior Court of the State of

16  California for the County of Los Angeles entitled: *"Jaime Castro and Reyes*

17  *Alvarez as individuals and on behalf of all others similarly situated, Plaintiffs v.*

18  *UPS Ground Freight, Inc., a corporation; United Parcel Service, Inc., a*

19  *corporation; Overnite Corp., a corporation; and Does 1 through 20, inclusive,*

20  *Defendants,"* designated as Case No. BC393239 (the "Action"). True copies of the

21  complaint Plaintiffs filed in the Action (the "Complaint"), the summons issued on

22  the Complaint, and other papers served on Defendants in the Superior Court are

23  attached as Exhibit 1 to the Declaration of Elizabeth A. Falcone ("Falcone Decl."),

24  filed with these removal papers. The allegations of the Complaint are incorporated

25  into this notice by reference without necessarily admitting the truth of any of them.

26

27          2.      On June 26, 2008, all Defendants were served with process in

28  the Action. Falcone Decl. ¶ 2. Defendants Does 1 through 20 are unnamed and

1   unknown, and, therefore, have not been served with the Complaint.  Complaint

2   ¶ 12.

3

4        3.    On July 23, 2008, Defendants filed their Answer to the

5   Complaint in the Superior Court for the County of Los Angeles.  Falcone Decl. ¶ 3,

6   Exh. 2.

7

8        4.    This Notice of Removal is being filed within thirty (30) days

9   after receipt by Defendants of a copy of the initial pleading setting forth the claim

10  for relief upon which this Action is based, and is timely filed pursuant to 28 U.S.C.

11  section 1446(b).

12

13

14       5.    In accordance with 28 U.S.C. section 1446(d), Defendants will,

15  promptly after filing the Notice of Removal, give written notice of the removal to

16  the adverse parties and will file a copy of this Notice of Removal with the Clerk of

17  the Court of the Superior Court of the State of California for the County of Los

18  Angeles.  Copies of these Notices are attached as Exhibits 3 and 4, respectively, to

19  the Falcone Declaration.  Proof of service of the Notice to Superior Court of

20  Removal to Federal Court and of the Notice to Adverse Parties of Removal to

21  Federal Court will be filed with this Court immediately after the Superior Court

22  filing is accomplished.  Falcone Decl. ¶ 4.

23

24

25       6.    Venue of this Action is properly laid in this District pursuant to

26  28 U.S.C. section 1441(a) because the Superior Court is located within this District.

27

28

-2-    NOTICE OF REMOVAL OF CIVIL ACTION

7.     This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332, and may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and (b) pursuant to the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9.

8.     The Class Action Fairness Act of 2005 amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from any defendant. Each of these requirements is met here, as outlined below.

9.     Plaintiffs admit that the number of proposed class members in this case exceeds 100. Plaintiffs propose to represent two classes of "less-than-truckload" drivers allegedly employed by Defendants in the state of California between June 23, 2004, and the present, excluding "linehaul" "less-than-truckload" drivers and unionized "less-than-truckload" drivers.[1] They allege that the class contains over 200 class members. *See* Complaint ¶ 20 ("Plaintiffs allege that there are more than 200 current and former Class Members"). In fact, UPS Ground Freight, Inc. employed more than 500 local drivers as of April 6, 2008. *See* Declaration of John Hampton (hereafter, "Hampton Decl.") ¶ 4. Accordingly, there are at least 500 people in the proposed class, if not more.

---

[1] Defendants here use the term "local drivers" to refer to "less-than-truckload" drivers who are not "linehaul" drivers.

NOTICE OF REMOVAL OF CIVIL ACTION

1             10.    At least one plaintiff and one defendant are citizens of different

2   states:

3

4

5             (a)    Defendants are informed and believe (in part based on the

6   fact that each of them was employed by UPS Ground Freight, Inc. in the State of

7   California) that at the time this Action was commenced, Plaintiffs were citizens of

8   the State of California within the meaning of 28 U.S.C. section 1332(a). *See*

9   Complaint ¶¶ 8 & 9.

10

11

12            (b)    Defendant United Parcel Service, Inc. is now, and was at

13  the time this action was commenced, a citizen of the States of Delaware and

14  Georgia within the meaning of 28 U.S.C. section 1332(c)(1), because it is now and

15  was at all material times incorporated under the laws of the State of Delaware, and

16  maintains, and at all material times maintained, its principal place of business in the

17  State of Georgia.  Declaration of Ryan C. Swift ("Swift Decl.") ¶ 3.

18

19

20            (c)    Defendant Overnite Corporation is now, and was at the

21  time this action was commenced, a citizen of the State of Virginia within the

22  meaning of 28 U.S.C. section 1332(c)(1), because it was incorporated under the

23  laws of the State of Virginia, and maintained its principal place of business in the

24  State of Virginia.  Swift Decl. ¶ 4.

25

26

27            (d)    Defendant UPS Ground Freight, Inc. is now, and was at

28  the time this action was commenced, a citizen of the State of Virginia within the

-4-        NOTICE OF REMOVAL OF CIVIL ACTION

1    meaning of 28 U.S.C. section 1332(c)(1), because it is now and was at all material

2    times incorporated under the laws of the State of Virginia, and maintains, and at all

3    material times maintained, its principal place of business in the State of Virginia.

4    Swift Decl. ¶ 5.

5

6

7            (e)    The presence of Doe defendants has no bearing on

8    diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For the purposes of

9    removal under this Chapter, the citizenship of defendants sued under a fictitious

10    name shall be disregarded.").

11

12

13            11.    Defendants are informed and believe, and on that basis allege

14    without admitting, that the amount in controversy in this Action exceeds

15    $5,000,000, exclusive of interest and costs, on the following grounds:

16

17

18            (a)    In the Complaint, Plaintiffs allege, among other things,

19    that Defendants had a systematic practice of "automatically and uniformly as a

20    matter of corporate policy deducting ½ hours of time for each workday" that a local

21    driver worked more than six hours. *See* Complaint ¶¶ 19(1), 34. Plaintiffs thus

22    claim that each class member is owed an additional half hour's wages for every day

23    on which she or he worked more than six hours.

24

25

26            (b)    Defendant UPS Ground Freight, Inc. employed more than

27    500 full-time local drivers as of April 6, 2008; the full-time local drivers earned

28    anywhere from $18.27 per hour to $21.80 per hour. *See* Hampton Decl. ¶ 5. The

NOTICE OF REMOVAL OF CIVIL ACTION

1    midpoint of the hourly rate of local drivers thus was $20.03 per hour. *Id.*

2    Assuming that Plaintiffs' allegations are true, and that each local driver might be

3    owed a half hour's wages for every work day for the past four years, and assuming

4    that each local driver worked 260 days per year, the potential damages per local

5    driver that Plaintiffs seek may be estimated at $10,015 ($20.03 per hour x .5 hours

6    x 250 work days per year x four years = $10,015). Given that there were at least

7    500 local drivers as of April 6, 2008, Plaintiffs seek at least $5,007,500 estimated

8    damages for this subset of the purported class, which is in excess of the $5,000,000

9    jurisdictional prerequisite.

10

11

12         (c)    This analysis looks at only one of the four causes of

13    action alleged by Plaintiffs. Plaintiffs seek further damages and penalties on behalf

14    of all local drivers who allegedly were terminated by Defendants and were not paid

15    all monies owed on termination. *See* Complaint ¶¶ 19(2) and 37-42. Plaintiffs also

16    seek attorneys' fees. *See* Prayer for Relief ¶¶ 8 & 9. Therefore, there is no question

17    that the amount in controversy in this Action exceeds $5,000,000.

18

19

20         (d)    In setting forth these calculations, Defendants do not

21    admit that they failed to pay any wages or monies owed to the putative class

22    members or that they failed to pay all wages owed on termination; in fact,

23    Defendants deny that they are liable to Plaintiffs and their proposed classes in any

24    amount.

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

1    12.    Therefore the amount in controversy required to establish

2  compliance with the Class Action Fairness Act of 2005 is satisfied and the Action

3  may be removed to this Court on grounds of diversity of citizenship jurisdiction.

4

5    WHEREFORE, Defendants remove the above-entitled action now

6  pending in the Superior Court of the State of California for the County of Los

7  Angeles to this Court.

8

9  DATED: July 24, 2008        PAUL, HASTINGS, JANOFSKY & WALKER
                               LLP
                               JENNIFER S. BALDOCCHI
10                             ELIZABETH A. FALCONE
                               JENNIFER A. AWREY
11

12
                               By: *Elizabeth A. Falcone*
13                                   (ELIZABETH A. FALCONE)

14                             ATTORNEYS FOR DEFENDANTS
                               UNITED PARCEL SERVICE, INC.; UPS
15                             GROUND FREIGHT, INC.; and
                               OVERNITE CORPORATION
16

17  LEGAL_US_W # 59516519.3

18

19

20

21

22

23

24

25

26

27

28

—7—

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
UPS GROUND FREIGHT, INC., a corporation; UNITED
PARCEL SERVICE, INC., a corporation; OVERNITE CORP.,
a corporation; and DOES 1 through 20, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 4 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JAIME CASTRO and REYES ALVAREZ as individuals and on
behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es:)
Superior Court of California
111 N. Hill Street
Los Angeles, CA 90012
Central District

CASE NUMBER:
(Número del Caso):
BC393239

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Larry W. Lee (SBN 228175)          (213) 488-6555     (213) 488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
DATE: JUN 2 4 2008                    Clerk, by CLERK M. GARCIA          , Deputy
(Fecha)                                              (Secretario)                    (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).
**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): United Parcel Service, Inc., a corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UPS GROUND FREIGHT, INC., a corporation; UNITED
PARCEL SERVICE, INC., a corporation; OVERNITE CORP.,
a corporation; and DOES 1 through 20, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 4 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAIME CASTRO and REYES ALVAREZ as individuals and on
behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>Central District | CASE NUMBER:<br>*(Número del Caso):*   BC393239 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)          (213)488-6555    (213)488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

DATE: JUN 2 4 2008    JOHN A. CLARKE, Clerk, by CLERK, Deputy
*(Fecha)*    *(Secretario)*    M. GARCIA    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* UPS Ground Freight, Inc., a Corporation

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br>Legal Solutions Plus | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UPS GROUND FREIGHT, INC., a corporation; UNITED
PARCEL SERVICE, INC., a corporation; OVERNITE CORP.,
a corporation; and DOES 1 through 20, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 24 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAIME CASTRO and REYES ALVAREZ as individuals and on
behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California 111 N. Hill Street Los Angeles, CA 90012 Central District | CASE NUMBER: *(Número del Caso):* BC393239 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)          (213)488-6555   (213)488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

DATE: JUN 24 2008     Clerk, by    **CLERK**    **M. GARCIA**    , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Overnite Corp., a Corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 4 2008

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

1  PETER M. HART, Esq. (State Bar No. 198691)
   **LAW OFFICES OF PETER M. HART**
2  13952 Bora Bora Way, F-320
   Marina Del Rey, CA 90292
3  Telephone: (310) 478-5789
4  Facsimile: (509) 561-6441

5  LARRY W. LEE (State Bar No. 228175)
   DANIEL H. CHANG (State Bar No. 183803)
6  CRAIG S. HUBBLE (State Bar No. 200789)
7  **DIVERSITY LAW GROUP, A Professional Corporation**
8  444 S. Flower Street
   Citigroup Center · Suite 1370
9  Los Angeles, California 90071
   (213) 488-6555
10 (213) 488-6554 facsimile

11 KENNETH H. YOON (State Bar No. 198443)
12 **LAW OFFICES OF KENNETH H. YOON**
   One Wilshire Blvd., Suite 2200
13 Los Angeles, CA 90017
14 (213) 612-0988
   (213) 947-1211 facsimile

15 Attorneys for Plaintiffs Jaime Castro and Reyes Alvarez
16

17        SUPERIOR COURT OF THE STATE OF CALIFORNIA

18           FOR THE COUNTY OF LOS ANGELES

19                                          BC393239

20 JAIME CASTRO and REYES ALVAREZ      Case No.:
21 as individuals and on behalf of all others
   similarly situated,                 **CLASS ACTION**
22
23          Plaintiffs                 **COMPLAINT FOR DAMAGES AND**
           vs.                         **INJUNCTIVE RELIEF FOR:**
24
25 UPS GROUND FREIGHT, INC., a
   corporation; UNITED PARCEL SERVICE,
26 INC., a corporation; OVERNITE CORP., a   **(1) VIOLATION OF LABOR CODE**
   corporation; and DOES 1 through 20,         **201-204;**
27 inclusive,
                                        **(2) VIOLATION OF LABOR CODE §**
28                                          **227.3;**
           Defendants.
                                        **(2) VIOLATION OF LABOR CODE**

                                    1

226;

(4) **UNFAIR BUSINESS PRACTICES**
**(Violation of California Business &**
**Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiffs Jaime Castro and Reyes Alvarez (hereinafter referred to as "Plaintiffs"), hereby submit their Class Action Complaint against Defendants UPS GROUND FREIGHT, INC., UNITED PARCEL SERVICE, INC., OVERNITE CORP., and Does 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the class of all others similarly situated current and former employees of DEFENDANTS for regular time wages owed, vacation wages, waiting time penalties, and penalties or damages for failure to furnish and/or keep accurate records, and for interest, costs, and attorneys' fees as follows:

**INTRODUCTION**

1.  This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 227.3 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3.  Plaintiffs are informed and believe and based thereon allege DEFENDANTS, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all regular time wages, vacation wages, waiting time penalties, and in connection with DEFENDANTS' failure to furnish and/or keep accurate payroll records of Plaintiffs and Class Members.

4.  Plaintiffs are informed and believe and based thereon allege DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining

2

1  policies, practices and customs that knowingly deny employees the above stated rights and

2  benefits.

3      **5.** The policies, practices and customs of defendants described above and below have

4  resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

5  businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and</u>

6  <u>Professions Code</u>.

7  **JURISDICTION AND VENUE**

8      **6.** The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-

9  204, 226, 227.3, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair

10  Practices Act).

11      **7.** Venue is proper because the DEFENDANTS do business in Los Angeles County and

12  the acts alleged herein took place in Los Angeles County.

13  **PARTIES**

14      **8.** Plaintiff JIMMY CASTRO was employed by DEFENDANTS from on or about 2001

15  to on or about September 2007 and has resided within the jurisdiction of this Court at all relevant

16  times. Plaintiff CASTRO was a non-exempt hourly employee of DEFENDANTS who engaged

17  in delivery work wholly inside of California state lines. Plaintiff CASTRO and other "less than

18  truck load" ("LTL") drivers similarly employed as him by DEFENDANTS did not cross state

19  lines and delivered products entirely within California's boundaries.

20  

21      **9.** Plaintiff REYES ALVAREZ was employed by DEFENDANTS from on or about

22  April 2003 to on or about September 2007 and has resided within the jurisdiction of this Court at

23  all relevant times. Plaintiff ALVAREZ was a non-exempt hourly employee of DEFNEDANTS

24  who engaged in delivery work wholly inside of California state lines. Plaintiff ALVAREZ and

25  other "LTL" drivers similarly employed as him by DEFENDANTS did not cross state lines and

26  delivered products entirely within California's boundaries.

27      **10.** Plaintiffs were and are the victim of the policies, practices and customs of

28  DEFENDANTS complained of in this action in ways that have deprived him of the rights

3

guaranteed to him by California Labor Code §§ 201-204, 226, 227.3 and California Business and Professions Code §17200, et seq., (Unfair Practices Act). Plaintiffs were and are the victims of a policy(ies), practice(s) and/or custom(s), that automatically and improperly cut regular time wages of Plaintiffs and the class members and failed to pay all regular time wages to Plaintiffs and the class members, which policy(ies), practice(s) and/or custom(s) further served to deny Plaintiffs all regular time wages and vacation wages on termination and failed to provide accurate paycheck paystubs, all in violation of California Labor Code §§ 201-204, 226, 227.3 and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

11.     Plaintiffs are informed and believe and based thereon allege Defendants were and are corporations doing business in the State of California selling delivery services to the public.

12.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13.     As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 227.3, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

14.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and thereon allege that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.     At all times herein mentioned, each of said DEFENDANTS participated in the

4

1   doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and

2   furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of

3   each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times

4   herein mentioned, were acting within the course and scope of said agency and employment.

5       16.    Plaintiffs are informed and believe and based thereon allege that at all times

6   material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

7   and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was

8   acting within the course and scope of such agency, employment, joint venture, or concerted

9   activity.  To the extent said acts, conduct, and omissions were perpetrated by certain

10  DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts,

11  conduct, and omissions of the acting DEFENDANTS.

12      17.    At all times herein mentioned, DEFENDANTS, and each of them, were members

13  of, and engaged in, a joint venture, partnership and common enterprise, and acting within the

14  course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15      18.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

16  and each of them, concurred and contributed to the various acts and omissions of each and all of

17  the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At

18  all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or

19  omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of

20  them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

21  proximately causing the damages as herein alleged.

22

23                          CLASS ACTION ALLEGATIONS

24      19.    Definition:  The named individual Plaintiffs bring this action on behalf of

25  themselves and the class pursuant to California Code of Civil Procedure § 382.  The Classes

26  consist of the following:

27          (1) All DEFENDANTS' past and present non-union LTL or "less than

28              truck load" drivers employed by DEFENDANTS in California during

                                        5

*Class one*
*LTL deduction*
*class*

1  the period from June 23, 2004 to the present whose timesheets reflect
2  more than 6 hours of work during at least one day and who were
3  automatically deducted ½ hour of wage for days that they worked
4  more than 6 hours in a day. This class specifically excludes all
5  "linehaul" truck drivers of DEFENDANTS and specifically excludes
6  all union workers.

7  (2) All DEFENDANTS' past and present non-union LTL or "less than

*Class two*
*LTL WTP*
*class.*

8  truck load" drivers employed by DEFENDANTS in California during
9  the period from June 23, 2004 to the present whose records show that
10  they were not paid out all vested vacation wages, including all vested
11  personal days, at the end of their employment. This class specifically
12  excludes all "linehaul" truck drivers of DEFENDANTS and
13  specifically excludes all union workers.

14  **20.    Numerosity:** The members of the class are so numerous that joinder of all
15  members would be impractical, if not impossible. Plaintiffs allege that there are more than 200
16  current and former Class Members. The identity of the members of the class is readily
17  ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiffs are
18  informed and believe and based thereon allege that DEFENDANTS (a) failed to pay all regular
19  time wages and vacation wages earned by Plaintiffs and the class members, (b) failed to furnish
20  and/or keep accurate payroll records in violation of Labor Code § 226 of Plaintiffs and the class,
21  and (c) engaged in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.
22  
23  **21.    Adequacy of Representation:** The named Plaintiffs are fully prepared to take all
24  necessary steps to represent fairly and adequately the interests of the class defined above.
25  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and
26  individual Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class
27  actions in the past and currently have a number of wage-and-hour class actions pending in
28  California courts.

6

22.    DEFENDANTS uniformly administered a corporate policy, practice of (a) failing to pay to Plaintiffs all regular time wages and vacation wages earned by Plaintiffs and the class members, (b) failing to furnish and/or keep accurate payroll records of Plaintiffs and the class in violation of Labor Code § 226, and (c) engaging in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

23.    Plaintiffs are informed and believe and based thereon allege that DEFENDANTS, in violation of California Labor Code §§ 201 to 204, and 227.3, respectfully, had a consistent and uniform policy, practice of willfully failing to comply with Labor Code § 203. Plaintiffs and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

24.    **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the class concerning DEFENDANTS' (a) failure to pay to Plaintiffs and the class members all regular time wages and vacation wages earned, (b) failure to furnish and/or keep accurate payroll records of Plaintiff and the class in violation of Labor Code § 226 by failing to state the accurate gross wages earned, total hours worked by the employee, net wages earned, and (c) engagement in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

25.    **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the class. Plaintiffs are members of the Classes and are owed wages and have suffered the alleged violations of California Labor Code §§ 201-204, 226, 227.3, and IWC Wage Order No. 4-2001, by DEFENDANTS' (a) failure to pay to Plaintiffs and the class all regular time wages and vacation wages earned, (b) failure to furnish and/or keep accurate payroll records of Plaintiffs and the class in violation of Labor Code § 226 by failing to state the accurate gross wages earned, total hours worked by the employee, net wages earned, and (c) engagement in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

7

26.    The California Labor Code and upon which Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27.    The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

28.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to

8

1   recovery by the Plaintiffs and the class identified herein, in a civil action, for the unpaid balance

2   of the full amount of unpaid wages including interest thereon, applicable penalties, reasonable

3   attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226 and

4   Code of Civil Procedure § 1021.5.

5       30.    Proof of common business practices or factual patterns, which the named

6   Plaintiffs experienced and are representative of, will establish the right of each of the members of

7   the Plaintiff class to recovery on the causes of action alleged herein.

8       31.    The Plaintiff class is commonly entitled to a specific fund with respect to the

9   compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is

10  commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.

11  This action is brought for the benefit of the entire class and will result in the creation of a

12  common fund.

*Failure to pay all wages WTP*

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201 - 204

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS)

16      32.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 as

17  though fully set for herein.

18      33.    At all times relevant herein, DEFENDANTS were required to pay their non-

19  exempt hourly employees all regular time wages for all hours worked and also failed to pay final

20  regular time wages owed in a timely fashion at the end of employment pursuant to California

21  Labor Code § 201-204.

22

23      34.    As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs and

24  class members their regular time wages pursuant to Labor Code §§ 201 to 204 by automatically

25  and uniformly as a matter of corporate policy deducting ½ hours of time for each workday and

26  accordingly owe wages for such improper deductions and also owe waiting time penalties

27  pursuant to Labor Code § 203.

28      35.    The conduct of DEFENDANTS and their agents and employees as described

1  herein was willfully done in violation of Plaintiffs' and class members' rights, and done by

2  managerial employees of DEFENDANTS.

3      **36.**    Plaintiffs are informed and believe and based thereon allege DEFENDANTS'

4  willful failure to pay all regular time wages due and owing them and failure to pay all regular

5  time wages owed upon separation from employment results in a continued payment of wages up

6  to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and other members of

7  the class who have separated from employment are entitled to all the regular time wages that

8  they are owed and to compensation pursuant to <u>Labor Code</u> § 203.

9                    **SECOND CAUSE OF ACTION**                    *Pay vacation on*

10             **VIOLATION OF LABOR CODE § 227.3**                *termination*

11          **(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**  *WTP*

12     **37.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as

13  though fully set for herein.

14     **38.**    This cause of action is brought pursuant to <u>Labor Code</u> § 227.3 which

15  prohibits employers from forfeiting the vested vacation wages of their employees.

16     **39.**    Plaintiffs had unused vested vacation wages, including vested personal

17  vacation days, that were not paid out to them in a timely fashion at the end of their

18  employment in violation of <u>Labor Code</u> § 227.3.

19     **40.**    As a matter of uniform corporate policy and procedure and practices

20  DEFENDANTS violated <u>Labor Code</u> § 227.3 by failing to pay Plaintiffs and members of

21  the class all vested vacation wages, including all vested personal vacation days, at the end

22  of their employment.  The uniform policy of not paying Plaintiff and members of the

23  class all vested vacation wages, including all vested personal days, at the end of their

24  employment caused a forfeiture of vested vacation wages in violation of <u>Labor Code</u> §

25  227.3.

26     **41.**    The conduct of DEFENDANTS and their agents and employees as

27  described herein was willful and was done in conscious disregard of Plaintiffs' and class

28

10

members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

42.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for damages and wages owed and for costs and attorney's fees.

<u>**THIRD CAUSE OF ACTION**</u>

**FOR VIOLATION OF <u>LABOR CODE</u> § 226 REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

43.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 as though fully set for herein.

44.    DEFENDANTS failed in their affirmative obligation to furnish and keep <u>accurate</u> records regarding the wages earned, net wages earned, and total amount of compensation of their California employees in pay periods. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records all in violation of Labor Code § 226.

45.    As a matter of policy and practice, and in knowing and willful and intentional violation of Labor Code § 226, DEFENDANTS automatically deducted ½ hour of wages for each workday.

46.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for all damages, including regular time wages owed, or penalties pursuant to Labor Code § 226, including interest thereon, attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

47.    DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so,

11

1  unless and until enjoined and restrained by order of this court, will cause great and irreparable

2  injury to Plaintiffs and all members of the class in that the DEFENDANTS will continue to

3  violate these California laws, represented by labor statutes, unless specifically ordered to comply

4  with same.  This expectation of future violations will require current and future employees to

5  repeatedly and continuously seek legal redress in order to gain compensation to which they are

6  entitled under California law.  Plaintiffs have no other adequate remedy at law to insure future

7  compliance with the California labor laws and wage orders alleged to have been violated herein.

8  ### FOURTH CAUSE OF ACTION

9  ## FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

10  ### (AGAINST ALL DEFENDANTS BY PLAINTIFFS)

11  **48.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 as

12  though fully set for herein;

13  **49.**    DEFENDANTS, and each of them, have engaged and continue to engage in unfair

14  and unlawful business practices in California by practicing, employing and utilizing the

15  employment practices outlined above, include, to wit, by failing to (a) pay Plaintiff and the class

16  all regular time wages owed and (b) pay all vacation wages owed.

17  **50.**    DEFENDANTS' utilization of such unfair and unlawful business practices

18  constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS'

19

20  competitors.

21  **51.**    Plaintiffs seek, on their own behalf and on behalf of other members of the class

22  similarly situated full restitution of regular time wages owed, as necessary and according to

23  proof, to restore any and all regular time wages withheld, acquired and/or converted by the

24  DEFENDANTS by means of the unfair practices complained of herein.

25  **52.**    Plaintiffs seek, on their own behalf and on behalf of other members of the class

26  similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the

27  unfair business practices complained of herein.

28  **53.**    The acts complained of herein for Plaintiffs and the class members occurred

12

1  within the last four years preceding the filing of the complaint in this action.

2    54.    Plaintiffs are informed and believe and on that basis allege that at all times herein

3  mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

4  as proscribed by California Business and Professions Code § 17200 et seq., including those set

5  forth herein above thereby depriving Plaintiffs and other members of the class the minimum

6  working condition standards and conditions due to them under the California laws and Industrial

7  Welfare Commission wage orders as specifically described therein.

8                            **PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose

10  behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

11    1.    For an order certifying the proposed class;

12    2.    For an order appointing Plaintiffs as the representatives of the class;

13    3.    For an order appointing Counsel for Plaintiffs as class counsel;

14    4.    Upon the First Cause of Action, for consequential damages according to proof and for

15        waiting time penalties according to proof pursuant to California Labor Code § 203 and

16        for costs, interest, and attorneys' fees;

17    5.    Upon the Second Cause of Action, for all wages, damages, and/or penalties according to

18        proof pursuant to California Labor Code § 227.3;

19

20    6.    Upon the Third Cause of Action, for all wages, damages, and/or penalties according to

        proof pursuant to California Labor Code § 226;    No request for fees

21

22    7.    Upon the Fourth Cause of Action, for restitution to Plaintiffs and the class members all

23        funds unlawfully acquired by DEFENDANTS by means of any acts or practices

24        declared by this Court to be in violation of Business and Professions Code § 17200 et

25        seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business

26        practices complained of herein, for an injunction requiring DEFENDANTS to give

27        notice to persons to whom restitution is owing of the means by which to file for

28        restitution;

13

8.  On all causes of action for attorneys fees and costs and interest as provided by California Labor Code §§ 201-204, 218.5, 218.6, 226, 227.3, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

DATED:  June 23, 2008

LAW OFFICES OF PETER M. HART

By: _____

Peter M. Hart, Esq.
**Attorney for Plaintiffs and the class**

## DEMAND FOR JURY TRIAL

Plaintiffs, for themselves and the class, hereby demand a jury trial as provided by California law.

DATED:  June 23 2008

LAW OFFICES OF PETER M. HART

By: _____

Peter M. Hart
**Attorney for Plaintiffs and the class**

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## PROOF OF SERVICE BY PERSONAL DELIVERY

   I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Nationwide Legal, Inc. 316 West 2nd Street, Suite 705, Los Angeles, CA 90012. On July 25, 2008, I personally served:

### NOTICE OF REMOVAL OF CIVIL ACTION

by delivering copies thereof to:

   Kenneth H. Yoon, Esq.
   Law Offices of Kenneth H. Yoon
   One Wilshire Blvd., Suite 2200
   Los Angeles, CA 90017


   Peter M. Hart, Esq.
   Law Offices of Peter M. Hart
   13952 Bora Bora Way, F-320
   Marina Del Rey, CA 90292


   Larry W. Lee, Esq.
   Daniel H. Chang, Esq.
   Craig S. Hubble, Esq.
   Diversity Law Group, A Professional Corporation
   444 South Flower St., Suite 1370
   Los Angeles, CA 90071


   Executed on July 25, 2008, at Los Angeles, California.


   PRINTED NAME

LEGAL_US_W # 59559952.1

PROOF OF PERSONAL SERVICE