PETER M. HART (SB# 198691)
hartpeter@msn.com
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Attorney for Plaintiffs
JAIME CASTRO and REYES ALVAREZ

(Counsel for Plaintiffs continued on page 2)

JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
ELIZABETH A. FALCONE (SB# 219084)
elizabethfalcone@paulhastings.com
JENNIFER A. AWREY (SB# 244332)
jenniferawrey@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
UNITED PARCEL SERVICE, INC., UPS GROUND
FREIGHT, INC., and OVERNITE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JAIME CASTRO and REYES ALVAREZ as individuals and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> UPS GROUND FREIGHT, INC., a corporation; UNITED PARCEL SERVICE, INC., a corporation; OVERNITE CORP., a corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. CV 08-4898 ODW (CWx) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: September 22, 2008 <br> Time: 1:30 p.m. <br> Ctrm: 11 |

LEGAL_US_W # 59918449.1

Case No. CV 08-4898 ODW (CWx)

JOINT RULE 26(F) REPORT

| | |
|---|---|
| 1 | LARRY W. LEE (SB# 228175) |
|   | lwlee@diversitylaw.com |
| 2 | DANIEL H. CHANG (SB# 183803) |
|   | dchang@diversitylaw.com |
| 3 | CRAIG S. HUBBLE (SB# 200789) |
|   | chubble@diversitylaw.com |
| 4 | DIVERSITY LAW GROUP, A Professional Corporation |
|   | 444 S. Flower Street, |
| 5 | Citigroup Center. Suite 1370 |
|   | Los Angeles, CA 90071 |
| 6 | Telephone:  (213) 488-6555 |
|   | Facsimile:  (213) 488-6554 |
| 7 | |
|   | KENNETH H. YOON (SB# 198443) |
| 8 | LAW OFFICES OF KENNETH H. YOON |
|   | One Wilshire Blvd., Suite 2200 |
| 9 | Los Angeles, CA 90017 |
|   | Telephone:  (213) 612-0988 |
| 10 | Facsimile:  (213) 947-1211 |
| 11 | Attorneys for Plaintiffs |
|    | JAIME CASTRO and REYES ALVAREZ |

LEGAL_US_W # 59918449.1

-2-    Case No. CV 08-4898 ODW (CWx)

JOINT RULE 26(F) REPORT

1           Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and
2    Local Rule 26-1, Plaintiffs Jaime Castro and Reyes Alvarez ("Plaintiffs") and
3    Defendants UPS Ground Freight, Inc., United Parcel Service, Inc., and Overnite
4    Corporation ("Defendants") hereby submit the following joint report.

5    I.   SHORT SYNOPSIS OF PRINCIPAL ISSUES

6           Plaintiffs, two former less-than-truckload ("LTL") employees of
7    Defendants, seek to represent, at this time, two classes of all non-union, LTL
8    employees employed in the State of California between June 23, 2004 and the
9    present.

10          Plaintiffs allege that Defendants on a uniform and automated basis cut
11   a ½ hour of time from employees' time worked for each shift of 6 or more hours.
12   Based on Defendants removal papers, the amount of cut time sought by Plaintiffs,
13   exclusive of penalties, exceeds $5 million.

14          Plaintiffs further allege a policy of providing vacation benefits,
15   including paid time off treated as vacation, which was forfeited if unused and not
16   paid at termination.

17          Plaintiffs presently allege four causes of action on behalf of the alleged
18   classes: (1) violation of California Labor Code Section 201-204 for failure to pay
19   final regular time wages owed in a timely fashion at the end of employment due to
20   a practice of systematically and improperly deducting/editing time worked from the
21   time employees actually worked and due to a practice of systematically and
22   improperly failing to pay all vested vacation wages, including certain paid time off
23   benefits treated as vacation wages, at the end of employment; (2) violation of
24   California Labor Code Section 227.3; (3) violation of California Labor Code
25   Section 226 based on an alleged failure to keep accurate payroll and time records
26   for the putative class members relating to the improper cutting/editing of time and
27   failure to pay vacation wages properly; and (4) violation of California Business &
28

1  Professions Code Section 17200 predicated on the alleged wrongful conduct
2  asserted in the first three causes of action.
3          Plaintiffs note that, as discovery has just commenced, they would
4  reserve the right to amend the complaint to add additional causes of action and/or to
5  amend the class definitions and/or to add additional class representatives.
6          In connection with these claims, Plaintiffs seek an order certifying the
7  proposed classes, consequential damages, wages allegedly owed, waiting time
8  penalties pursuant to California Labor Code Section 226, costs, interest, and
9  attorneys' fees, as well as restitution of funds and an injunction prohibiting the
10 alleged unfair business practices.
11         Defendants deny these allegations and maintain that, as a preliminary
12 matter, class certification is inappropriate because, *inter alia*, the issues presented
13 do not present common questions of law and fact, but to the contrary, individual
14 issues predominate (*e.g.,* whether individual employees did or did not take meal
15 periods that are or are not reflected in company time records).  Defendants
16 understand that pursuant to paragraph 19 of the Complaint, the class Plaintiffs seek
17 to represent consists of non-linehaul LTL drivers, as it "specifically excludes all
18 'linehaul' truck drivers of Defendants."  Defendants further contend that they:
19 (1) made no illegal deductions from the putative class members' wages, (2) that the
20 putative class members were paid in full for all regular wages owed; (3) that all
21 accrued vacation days were paid out upon termination of employment as required
22 by California law; (4) that the records kept were in compliance with the
23 requirements of the California Labor Code; and (5) that they have not engaged in
24 any conduct that would constitute a violation of the California Business &
25 Professions Code.
26 II.    DISCOVERY PLAN
27         The parties recommend that the discussion of whether a discovery plan
28 is necessary be deferred (rather than waived) until after they have conducted a

LEGAL_US_W # 59918449.1                              -4-                    Case No. CV 08-4898 ODW (CWx)
JOINT RULE 26(F) REPORT

private mediation, which they have scheduled for December 15, 2008, with David Rotman, a mediator with substantial experience with wage and hour class actions.

However, to the extent that this Court is not inclined to defer the setting of a discovery plan, the parties' position at this time is that the parties be allowed to conduct discovery focused on class certification issues until a class has been certified or not. After the class certification ruling, then the parties may engage in damages discovery and all merits discovery necessary for trial and/or dispositive motions.

### A. Initial Disclosures

The parties agree to make initial, informal disclosures by October 6, 2008, so that the parties can have a meaningful mediation on December 15, 2008.

### B. Informal Exchanges of Data/Information Pre-Mediation

The parties have agreed to exchange information that will allow for a meaningful mediation on December 15, 2008. Though this is not an all-inclusive list, the information will encompass the following subjects:

1. Size of the putative class;
2. Named Plaintiffs' payroll records;
3. Named Plaintiffs' records of hours worked;
4. Sampling of putative class member payroll records;
5. Sampling of putative class member data regarding hours worked including all edits to time worked and a sampling of paper records;
6. Defendants' employee handbooks;
7. Defendants' policies, procedures, and practices regarding paid time off for putative class members;
8. Defendants' policies, procedures, and practices regarding recording of time worked and editing/cutting/deducting of time worked for putative class members;
9. Defendants' policies, procedures, and practices regarding meal periods for putative class members;

10. Any and all notes, records or other documents in Plaintiffs' possession, custody, or control that reflect their hours worked, meal periods, vacation entitlements, or vacation usage;

11. Any and all notes, records or other documents in Plaintiffs' possession, custody, or control that reflect communications from Defendants (or any of them) or Motor Cargo regarding recording time worked, meal periods, automatic deductions from their hours worked, or vacation or paid time off entitlements;

12. Any and all pay stubs Plaintiffs received from Defendants (or any of them) or a sampling of those pay stubs;

13. Any and all notes, records or other documents in Plaintiffs' possession, custody, or control that document, reflect, or explain any alleged shortage of pay for the final pay period; and

14. Any and all notes, records or other documents in Plaintiffs' possession, custody, or control that reflect Plaintiffs' final pay upon termination by Defendants (or any of them).

If the case is not resolved in mediation, the parties will further meet and confer and determine a detailed discovery plan, which will include depositions and additional written discovery.

Plaintiffs reserve the right to seek the depositions of Defendants' Persons Most Knowledgeable prior to or after the mediation. Plaintiffs do not believe a discovery plan is necessary given the facts of this case. Plaintiffs believe that focused discovery, including depositions (both percipient and PMK depositions) will assist in narrowing the issues and moving this case forward towards class certification.

Defendants likewise reserve the right to take depositions, including the named Plaintiffs' depositions, or portions of those depositions, prior to or after the mediation.

C. Discovery Cut-Off

In light of the parties' agreement to proceed with a private mediation, the parties submit that it is premature to set a discovery cut-off and propose that this issue be deferred until a post-mediation status conference. The parties respectfully

1  request that the court set a post-mediation status conference for January 2009 so
2  that relevant dates may be set in the event the parties' mediation is unsuccessful.
3      D.    <u>Expert Witnesses</u>
4         The parties agree that expert witness information be disclosed in
5  accordance with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.
6      E.    <u>Phasing of Discovery</u>
7         In light of the parties' agreement to proceed with a private mediation,
8  the parties submit that it is premature to address the phasing of formal discovery
9  and propose that this issue be deferred until a post-mediation status conference.
10         However, to the extent that this Court is not inclined to defer the
11  setting of a discovery plan, the parties' position at this time is that they be allowed
12  to conduct discovery focused on class certification issues until a class has been
13  certified or not.  After the class certification ruling, the parties will then engage in
14  damages discovery and all merits discovery necessary for trial and/or dispositive
15  motions.
16      F.    <u>Electronically Stored Information</u>
17         The parties do not presently anticipate any issues regarding
18  electronically stored information ("ESI").  The parties will meet and confer as they
19  exchange information and take discovery in order to resolve any issues pertaining
20  to ESI that may arise.
21      G.    <u>Privilege and Work Product</u>
22         The parties agree to provide a privilege log for any documents
23  requested during formal discovery that the responding party maintains is protected
24  by attorney client privilege or work product privilege.  The parties agree that they
25  need not log attorney notes, internal communications among counsel in this
26  litigation, and correspondence between counsel in this litigation and their respective
27  clients.
28

      H.    <u>Changes to Federal Rules</u>

Plaintiffs do not believe at this time that there needs to be any changes to the discovery limits set forth in the federal rules. Defendants believe that some changes to the discovery limits set forth in the federal rules may be necessary due to the complexity of this class action lawsuit. However, Defendants believe that in light of the parties' agreement to proceed with a private mediation, it is premature to address this matter.

III.    <u>COMPLEX CASE</u>

Plaintiffs do not believe that this is a case that should be deemed a complex case.

Defendants believe that this class action lawsuit may need to be deemed a complex case, but believe that this determination is premature. Defendants request that this matter be addressed after the parties engage in private mediation, should the mediation fail to resolve the matter.

IV.    <u>LAW AND MOTION LISTING/SCHEDULE/CLASS CERTIFICATION</u>

The parties anticipate that, should the planned mediation prove unsuccessful, motion(s) concerning class certification and summary judgment will be necessary to resolve issues of whether class certification is appropriate and/or whether liability can be decided as a matter of law. Defendants reserve the right to bring a motion for separate trials, should class certification be denied, and a motion for bifurcation of the trial into liability and damages phases. The parties reserve their rights to file other motions regarding severance, bifurcation or other ordering of proof as the case develops. In light of the parties' agreement to proceed with a private mediation, the parties respectfully submit that it is premature to schedule any motions at this time.

The parties further suggest that should the mediation in December 2008 not be successful, that a deadline to file a motion for class certification be set for on or about October 2009.

## V. SETTLEMENT/SETTLEMENT PROCEDURE

The parties have not yet had any formal settlement discussions, but have conferred and agreed to conduct a private mediation, set to occur on December 15, 2008, following sufficient informal exchange of information. The parties have conferred about appropriate types of information to exchange in order to be adequately informed for a meaningful mediation.

## VI. TRIAL ESTIMATE/TRIAL DATE

In light of the parties' agreement to proceed with a private mediation on December 15, 2008, the parties submit that it is premature to provide a trial estimate. The length of the trial in this matter will directly depend on whether a class is certified or not.

The parties suggest that a trial date not be selected until after the Court's ruling on Plaintiffs' motion for class certification.

## VII. ADDITIONAL PARTIES/AMENDMENT OF PLEADINGS

Plaintiffs would reserve the right to amend the complaint to add additional causes of action and/or to amend the class definitions and/or to add additional class representatives and/or additional defendants. Plaintiffs request that in light of the parties' agreement to proceed with private mediation that there should be no deadline or cut-off for amending the complaint.

Defendants believe that amendments to the pleadings should be evaluated pursuant to the Federal Rules of Civil Procedure.

## VIII. TRIAL BY JURY/TRIAL BY COURT

Plaintiffs have requested a trial by jury. Defendant reserves the right to request trial by the Court of any equitable issues (such as Plaintiffs' cause of action pled under Business & Professions Code Section 17200 and/or equitable defenses such as unjust enrichment or the doctrine of unclean hands).

## IX. ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE: CLASS CERTIFICATION

The parties agree that the issue of whether a class (or classes) will be certified affect the management of this case, as well as the appropriate length of time for discovery, the type of discovery needed, and the time necessary to prepare the matter for trial.

## X. SEVERANCE, BIFURCATION, ORDER OF PROOF

The parties believe it is premature at this point to make proposals regarding severance, bifurcation or order of proof. Once the parties know whether the case will proceed as a class action or on behalf of the named Plaintiffs only, they can make recommendations to the Court about conducting the trial.

DATED:  Sept. 8, 2008        LAW OFFICES OF PETER M. HART
                             PETER M. HART


                             By:        /s/ Peter M. Hart
                                        PETER M. HART

                             Attorneys for Plaintiffs
                             JAIME CASTRO AND REYES ALVAREZ

DATED:  Sept. 8, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                             JENNIFER S. BALDOCCHI
                             ELIZABETH A. FALCONE
                             JENNIFER A. AWREY


                             By:        /s/ Jennifer S. Baldocchi
                                        JENNIFER S. BALDOCCHI

                             Attorneys for Defendants
                             UNITED PARCEL SERVICE, INC., UPS
                             GROUND FREIGHT, INC., and
                             OVERNITE CORPORATION