1   PETER M. HART (SB# 198691)
    hartpeter@msn.com
2   LAW OFFICES OF PETER M. HART
    13952 Bora Bora Way, F-320
3   Marina Del Rey, CA 90292
    Telephone:  (310) 478-5789
4   Facsimile:  (509) 561-6441

5   Attorney for Plaintiffs
    JAIME CASTRO and REYES ALVAREZ
6
    (Counsel for Plaintiffs continued on page 2)
7
    JENNIFER S. BALDOCCHI (SB# 168945)
8   jenniferbaldocchi@paulhastings.com
    ELIZABETH A. FALCONE (SB# 219084)
9   elizabethfalcone@paulhastings.com
    JENNIFER A. AWREY (SB# 244332)
10  jenniferawrey@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
11  515 South Flower Street
    Twenty-Fifth Floor
12  Los Angeles, CA  90071
    Telephone:  (213) 683-6000
13  Facsimile:  (213) 627-0705

14  Attorneys for Defendants
    UNITED PARCEL SERVICE, INC., UPS GROUND
15  FREIGHT, INC., and OVERNITE CORPORATION

16                  UNITED STATES DISTRICT COURT

17        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

18

19
    JAIME CASTRO and REYES              Case No. CV 08-4898 ODW (CWx)
20  ALVAREZ as individuals and on
    behalf of all other similarly situated,
21                                      **JOINT STIPULATION TO**
                    Plaintiffs,         **CONDITIONALLY AMEND**
22                                      **COMPLAINT FOR SETTLEMENT**
            vs.                         **PURPOSES**
23
    UPS GROUND FREIGHT, INC., a
24  corporation; UNITED PARCEL
    SERVICE, INC., a corporation;
25  OVERNITE CORP., a corporation;
    and DOES 1 through 20, inclusive,
26
                    Defendants.
27

28

LEGAL_US_W # 60907600.1                        Case No. CV 08-4898 ODW (CWx)

JOINT STIPULATION REGARDING AMENDMENT OF COMPLAINT FOR SETTLEMENT PURPOSES

1  LARRY W. LEE (SB# 228175)
   lwlee@diversitylaw.com
2  DANIEL H. CHANG (SB# 183803)
   dchang@diversitylaw.com
3  CRAIG S. HUBBLE (SB# 200789)
   chubble@diversitylaw.com
4  DIVERSITY LAW GROUP, A Professional Corporation
   444 S. Flower Street,
5  Citigroup Center. Suite 1370
   Los Angeles, CA 90071
6  Telephone:  (213) 488-6555
   Facsimile:  (213) 488-6554
7
   KENNETH H. YOON (SB# 198443)
8  LAW OFFICES OF KENNETH H. YOON
   One Wilshire Blvd., Suite 2200
9  Los Angeles, CA 90017
   Telephone:  (213) 612-0988
10 Facsimile:  (213) 947-1211

11 ERIC HONIG, ESQ. (SB# 140765)
   LAW OFFICE OF ERIC HONIG
12 P.O. Box 10327
   Marina Del Rey, CA  90295
13
   Attorneys for Plaintiffs
14 JAIME CASTRO and REYES ALVAREZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION

WHEREAS, the Parties in the above captioned case engaged in a day-long mediation on December 15, 2008, before David Rotman of Gregorio, Haldeman, Piazza, Rotman, and Frank;

WHEREAS, mediation of this matter involved the gathering and analysis of an extraordinary volume of data regarding approximately 3,400 employees employed during the putative class period from June 2004 through the date of the mediation;

WHEREAS, in the course of analyzing the data, the Parties realized the benefit of including in the mediation two additional sub-classes covering additional job classifications;

WHEREAS, the Parties reached a settlement which they will present to this Court in the near future for preliminary approval;

WHEREAS, the Parties mutually agree that adding the proposed additional sub-classes is appropriate in light of the agreement reached at mediation with respect to certain terms for settlement;

WHEREAS, the settlement reached at mediation contemplates the addition of two new sub-classes;

NOW THEREFORE, the Parties have agreed to stipulate, subject to the Court's approval, as follows:

JOINT STIPULATION REGARDING AMENDMENT OF COMPLAINT FOR SETTLEMENT PURPOSES

1        1.      The Plaintiffs be permitted to amend their complaint to add two

2    additional sub-classes described as follows (collectively, the "Non-City Driver

3    Classes"):

4

5            a.      A "Non-City Driver Auto-Deduction Class" comprised of

6    all past and present non-union, non-exempt (hourly) employees of Defendants who

7    were employed at any time from June 24, 2004, through the date of class closure as

8    determined by the Court, in California, specifically excluding any employees whose

9    claims were released as part of the settlement of the lawsuit entitled Javier Munoz,

10   et al. v. UPS Ground Freight, Inc. (N.D. Cal. Case No. C07-00970 MJJ) and

11   specifically excluding any City Driver Class Members.

12

13           b.      A "Non-City Driver Terminated Employees Class"

14   comprised of all past and present non-union, non-exempt (hourly) employees of

15   Defendants, who were employed at any time from June 24, 2004, through the date

16   of class closure as determined by the Court, in California, whose employment with

17   Defendants ended prior to the date of preliminary court approval of the Settlement,

18   specifically excluding any employees whose claims were released as part of the

19   settlement of the lawsuit entitled Javier Munoz, et al. v. UPS Ground Freight, Inc.

20   (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver

21   Class Members.

22

23       2.      That the First Amended Complaint, attached hereto as Exhibit

24   A, be filed for the sole purpose of seeking approval of the settlement which the

25   Parties have reached.

26

27       3.      Upon the entry and filing of this stipulation, the First Amended

28   Complaint shall be deemed filed and served.  Defendants' previously filed Answer

JOINT STIPULATION REGARDING AMENDMENT OF COMPLAINT FOR SETTLEMENT PURPOSES

1  to Plaintiff's original Complaint shall be deemed as Defendant's Answer to

2  Plaintiff's First Amended Complaint.

3

4         4.      This agreement shall remain in effect only if the settlement

5  becomes final, which means that neither party has voided the settlement, the

6  settlement is approved by judgment of the Court, and the judgment becomes final,

7  in that all dates for appeal have passed and no successful appeal challenging the

8  judgment has occurred.  If, for some reason, the settlement does not become final,

9  then this agreement and this amendment to the complaint shall be deemed null and

10  void, the operative complaint in this action shall be the original complaint filed on

11  June 24, 2008, and Defendants shall not be deemed to have waived any defenses

12  pertaining to the additional sub-classes, including (but not limited to) defenses

13  pertaining to the limitations period.

14

15         5.      Defendants additionally agree to toll (and/or refrain from using

16  as a defense), as of the date of the filing of this stipulation, all statutes of limitations

17  applicable to all claims or rights or remedies of the Non-City Driver Classes which

18  are either released in the settlement agreement or at issue in the First Amended

19  Complaint.  This tolling shall exist as of the date of the filing of this stipulation and

20  whether the settlement becomes final or not.

21

22         IT IS SO STIPULATED.

23

24  DATED:  February 20, 2009    LAW OFFICES OF PETER M. HART
                                 PETER M. HART
25
                                 By:_____/s/_____
26                                           PETER M. HART

27                               Attorneys for Plaintiffs
                                 JAIME CASTRO AND REYES ALVAREZ
28

1   DATED:  February 20, 2009   DIVERSITY LAW GROUP
2                            LARRY W. LEE

| | |
|---|---|
| 1 | DATED:  February 20, 2009 |
| 2 | |

DATED:  February 20, 2009

DIVERSITY LAW GROUP
LARRY W. LEE

By: _____/s/_____
              LARRY W. LEE

Attorneys for Plaintiffs
JAIME CASTRO AND REYES ALVAREZ

DATED:  February 20, 2009

LAW OFFICES OF KENNETH H. YOON
KENNETH H. YOON

By: _____/s/_____
              KENNETH H. YOON

Attorneys for Plaintiffs
JAIME CASTRO AND REYES ALVAREZ

DATED:  February 20, 2009

LAW OFFICE OF ERIC S. HONIG
ERIC S. HONIG

By: _____/s/_____
              ERIC S. HONIG

Attorneys for Plaintiffs
JAIME CASTRO AND REYES ALVAREZ

DATED:  February 20, 2009

PAUL, HASTINGS, JANOFSKY & WALKER LLP
JENNIFER S. BALDOCCHI
ELIZABETH A. FALCONE
JENNIFER A. AWREY

By: _____/s/_____
           JENNIFER S. BALDOCCHI

Attorneys for Defendants
UNITED PARCEL SERVICE, INC., UPS
GROUND FREIGHT, INC., and
OVERNITE CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

PETER M. HART, Esq. (State Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

LARRY W. LEE (State Bar No. 228175)
DANIEL H. CHANG (State Bar No. 183803)
CRAIG S. HUBBLE (State Bar No. 200789)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile

Attorneys for Plaintiffs Jaime Castro and Reyes Alvarez

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CASTRO and REYES ALVAREZ as individuals and on behalf of all others similarly situated,<br><br>        Plaintiffs<br>   vs.<br><br>UPS GROUND FREIGHT, INC., a corporation; UNITED PARCEL SERVICE, INC., a corporation; OVERNITE CORP., a corporation;  and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: CV08-4898 ODW (CWx)<br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>**(1) VIOLATION OF LABOR CODE §§201-204;**<br>**(2) VIOLATION OF LABOR CODE §227.3;**<br>**(3) VIOLATION OF LABOR CODE §226;**<br>**(4) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 *et seq*.).**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    Plaintiffs Jaime Castro and Reyes Alvarez (hereinafter referred to as "Plaintiffs"), hereby

2    submit their Class Action Complaint against Defendants UPS GROUND FREIGHT, INC.,

3    UNITED PARCEL SERVICE, INC., OVERNITE CORP., and Does 1-20 (hereinafter

4    collectively referred to as "DEFENDANTS") on behalf of themselves and the classes of all

5    others similarly situated current and former employees of DEFENDANTS for regular time

6    wages owed, vacation wages, waiting time penalties, and penalties or damages for failure to

7    furnish and/or keep accurate records, and for interest, costs, and attorneys' fees as follows:

8    **INTRODUCTION**

9    **1.**  This class action is within the Court's jurisdiction under California Labor Code §§

10   201-204, 226, 227.3 and California Business and Professions Code § 17200, *et seq*., (Unfair

11   Practices Act).

12   **2.**  This complaint challenges systemic illegal employment practices resulting in

13   violations of the California Labor Code and Business and Professions Code against employees of

14   DEFENDANTS.

15   **3.**  Plaintiffs are informed and believe and based thereon allege DEFENDANTS, jointly

16   and severally have acted intentionally and with deliberate indifference and conscious disregard to

17   the rights of all employees in receiving all regular time wages, vacation wages, waiting time

18   penalties, and in connection with DEFENDANTS' failure to furnish and/or keep accurate payroll

19   records of Plaintiffs and Class Members.

20   **4.**  Plaintiffs are informed and believe and based thereon allege DEFENDANTS have

21   engaged in, among other things a system of willful violations of the California Labor Code,

22   Business and Professions Code and applicable IWC wage orders by creating and maintaining

23   policies, practices and customs that knowingly deny employees the above stated rights and

24   benefits.

25   **5.**  The policies, practices and customs of defendants described above and below have

26   resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

27   businesses that routinely adhere to the strictures of the California Labor Code, Business and

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Professions Code.

**JURISDICTION AND VENUE**

**6.**  The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226, 227.3, and California <u>Business and Professions Code</u> § 17200, *et seq*. (Unfair Practices Act), pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332.

**7.**  Venue is proper because the DEFENDANTS do business in Los Angeles County and the acts alleged herein took place in Los Angeles County.

**PARTIES**

**8.**  Plaintiff JIMMY CASTRO was employed by DEFENDANTS from on or about 2001 to on or about September 2007 and has resided within the jurisdiction of this Court at all relevant times.  Plaintiff CASTRO was a non-exempt hourly employee of DEFENDANTS who engaged in delivery work wholly inside of California state lines.  Plaintiff CASTRO and other "less than truck load" ("LTL") drivers similarly employed as him by DEFENDANTS did not cross state lines and delivered products entirely within California's boundaries.

**9.**  Plaintiff REYES ALVAREZ was employed by DEFENDANTS from on or about April 2003 to on or about September 2007 and has resided within the jurisdiction of this Court at all relevant times.  Plaintiff ALVAREZ was a non-exempt hourly employee of DEFENDANTS who engaged in delivery work wholly inside of California state lines.  Plaintiff ALVAREZ and other "LTL" drivers similarly employed as him by DEFENDANTS did not cross state lines and delivered products entirely within California's boundaries.

**10.**  Plaintiffs were and are the victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed to him by California <u>Labor Code</u> §§ 201-204, 226, 227.3 and California <u>Business and Professions Code</u> §17200, *et seq*., (Unfair Practices Act).  Plaintiffs were and are the victims of a policy(ies), practice(s) and/or custom(s), that automatically and improperly cut regular time wages of Plaintiffs and the class members and failed to pay all regular time wages to Plaintiffs and the class members, which policy(ies), practice(s) and/or custom(s) further served to deny

3

Plaintiffs all regular time wages and vacation wages on termination and failed to provide accurate paycheck paystubs, all in violation of California <u>Labor Code</u> §§ 201-204, 226, 227.3 and California <u>Business and Professions Code</u> §17200, *et seq.*, (Unfair Practices Act).

**11.**     Plaintiffs are informed and believe and based thereon allege Defendants were and are corporations doing business in the State of California selling delivery services to the public.

**12.**     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

**13.**     As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California <u>Labor Code</u> §§ 201-204, 226, 227.3, and California <u>Business and Professions Code</u> § 17200, *et seq.*, (Unfair Practices Act).

**14.**     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known.  Plaintiffs are informed and believe and thereon allege that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and classes to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**15.**     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

**16.**     Plaintiffs are informed and believe and based thereon allege that at all times

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

17.    At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.    At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

19.    **Definition:**  The named individual Plaintiffs bring this action on behalf of themselves and the classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Classes consist of the following:

      a.  All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of class closure as determined by the Court, in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Auto-Deduction Class"); and

b. All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of class closure as determined by the Court, in California, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Terminated Employee Class"); and

c. All past and present non-union, non-exempt (hourly) employees of Defendants who were employed at any time from June 24, 2004, through the date of class closure as determined by the Court, in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the "Non-City Driver Auto-Deduction Class"); and

d. All past and present non-union, non-exempt (hourly) employees of Defendants, who were employed at any time from June 24, 2004, through the date of class closure as determined by the Court, in California, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the "Non-City Driver Terminated Employees Class").

**20.    Numerosity:** The members of the classes are so numerous that joinder of all members would be impractical, if not impossible. Plaintiffs allege that there are more than 200 current and former Class Members. The identity of the members of the classes are readily

ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS (a) failed to pay all regular time wages and vacation wages earned by Plaintiffs and the class members, (b) failed to furnish and/or keep accurate payroll records in violation of Labor Code § 226 of Plaintiffs and the Class Members, and (c) engaged in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

21.    **Adequacy of Representation**: The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the classes defined above. Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the classes and individual Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

22.    DEFENDANTS uniformly administered a corporate policy, practice of (a) failing to pay to Plaintiffs all regular time wages and vacation wages earned by Plaintiffs and the class members, (b) failing to furnish and/or keep accurate payroll records of Plaintiffs and the class members in violation of Labor Code § 226, and (c) engaging in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

23.    Plaintiffs are informed and believe and based thereon allege that DEFENDANTS, in violation of California Labor Code §§ 201 to 204, and 227.3, respectfully, had a consistent and uniform policy, practice of willfully failing to comply with Labor Code § 203. Plaintiffs and other members of the classes did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

24.    **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the classes concerning DEFENDANTS' (a) failure to pay to Plaintiffs and the class members all regular

1  time wages and vacation wages earned, (b) failure to furnish and/or keep accurate payroll records

2  of Plaintiff and the class members in violation of Labor Code § 226 by failing to state the

3  accurate gross wages earned, total hours worked by the employee, net wages earned, and (c)

4  engagement in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

5      **25.    Typicality:**  The claims of Plaintiffs are typical of the claims of all members of

6  the classes.  Plaintiffs are members of the Classes and are owed wages and have suffered the

7  alleged violations of California <u>Labor Code</u> §§ 201-204, 226, 227.3, and IWC Wage Order No.

8  4-2001, by DEFENDANTS' (a) failure to pay to Plaintiffs and the class members all regular time

9  wages and vacation wages earned, (b) failure to furnish and/or keep accurate payroll records of

10  Plaintiffs and the class members in violation of <u>Labor Code</u> § 226 by failing to state the accurate

11  gross wages earned, total hours worked by the employee, net wages earned, and (c) engagement

12  in Unfair Business Practices, all in violation of IWC Wage Order No 4-2001.

13      **26.**    The California <u>Labor Code</u> and upon which Plaintiffs base their claims are

14  broadly remedial in nature.  These laws and labor standards serve an important public interest in

15  establishing minimum working conditions and standards in California.  These laws and labor

16  standards protect the average working employee from exploitation by employers who may seek

17  to take advantage of superior economic and bargaining power in setting onerous terms and

18  conditions of employment.

19      **27.**    The nature of this action and the format of laws available to Plaintiffs and

20  members of the classes identified herein make the class action format a particularly efficient and

21  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to

22  file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an

23  unconscionable advantage since it would be able to exploit and overwhelm the limited resources

24  of each individual plaintiff with their vastly superior financial and legal resources.  Requiring

25  each class member to pursue and individual remedy would also discourage the assertion of

26  lawful claims by employees who would be disinclined to file an action against their former

27  and/or current employer for real and justifiable fear of retaliation and permanent damage to their

8

careers at subsequent employment.

28.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the classes identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226 and Code of Civil Procedure § 1021.5.

30.    Proof of common business practices or factual patterns, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Plaintiff classes to recovery on the causes of action alleged herein.

31.    The Plaintiff classes are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff classes are commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire classes and will result in the creation of a common fund.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

**FIRST CAUSE OF ACTION**

2

**VIOLATION OF LABOR CODE §§ 201 - 204**

3

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

4

    **32.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 as

5

though fully set for herein.

6

    **33.**    At all times relevant herein, DEFENDANTS were required to pay their non-

7

exempt hourly employees all regular time wages for all hours worked and also failed to pay final

8

regular time wages owed in a timely fashion at the end of employment pursuant to California

9

Labor Code § 201-204.

10

    **34.**    As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs and

11

class members their regular time wages pursuant to Labor Code §§ 201 to 204 by automatically

12

and uniformly as a matter of corporate policy deducting ½ hours of time for each workday and

13

accordingly owe wages for such improper deductions and also owe waiting time penalties

14

pursuant to Labor Code § 203.

15

    **35.**    The conduct of DEFENDANTS and their agents and employees as described

16

herein was willfully done in violation of Plaintiffs' and class members' rights, and done by

17

managerial employees of DEFENDANTS.

18

    **36.**    Plaintiffs are informed and believe and based thereon allege DEFENDANTS'

19

willful failure to pay all regular time wages due and owing them and failure to pay all regular

20

time wages owed upon separation from employment results in a continued payment of wages up

21

to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and other members of

22

the classes who have separated from employment are entitled to all the regular time wages that

23

they are owed and to compensation pursuant to Labor Code § 203.

24

**SECOND CAUSE OF ACTION**

25

**VIOLATION OF LABOR CODE § 227.3**

26

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

27

    **37.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as

28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    though fully set for herein.

2          **38.**    This cause of action is brought pursuant to <u>Labor Code</u> § 227.3 which prohibits

3    employers from forfeiting the vested vacation wages of their employees.

4          **39.**    Plaintiffs had unused vested vacation wages, including vested personal vacation

5    days, that were not paid out to them in a timely fashion at the end of their employment in

6    violation of <u>Labor Code</u> § 227.3.

7          **40.**    As a matter of uniform corporate policy and procedure and practices

8    DEFENDANTS violated <u>Labor Code</u> § 227.3 by failing to pay Plaintiffs and members of the

9    classes all vested vacation wages, including all vested personal vacation days, at the end of their

10   employment.  The uniform policy of not paying Plaintiff and members of the classes all vested

11   vacation wages, including all vested personal days, at the end of their employment caused a

12   forfeiture of vested vacation wages in violation of <u>Labor Code</u> § 227.3.

13         **41.**    The conduct of DEFENDANTS and their agents and employees as described

14   herein was willful and was done in conscious disregard of Plaintiffs' and class members' rights,

15   and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of

16   pay, under <u>Labor Code</u> § 203, as penalties for Plaintiffs and each former employee of

17   DEFENDANTS who were not paid out all vested vacation wages.

18         **42.**    Such a pattern, practice and uniform administration of corporate policy regarding

19   illegal employee compensation as described herein is unlawful and creates an entitlement to

20   recovery by Plaintiff in a civil action for damages and wages owed and for costs and attorney's

21   fees.

22

23                              **THIRD CAUSE OF ACTION**

24        **FOR VIOLATION OF <u>LABOR CODE</u> § 226 REGARDING RECORD KEEPING**

25                       **(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

26         **43.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 as

27   though fully set for herein.

28         **44.**    DEFENDANTS failed in their affirmative obligation to furnish and keep <u>accurate</u>

---

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

records regarding the wages earned, net wages earned, and total amount of compensation of their California employees in pay periods.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate records all in violation of Labor Code § 226.

45.    As a matter of policy and practice, and in knowing and willful and intentional violation of Labor Code § 226, DEFENDANTS automatically deducted ½ hour of wages for each workday.

46.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the classes identified herein, in a civil action, for all damages, including regular time wages owed, or penalties pursuant to Labor Code § 226, including interest thereon, attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

47.    DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs and all members of the classes in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### FOURTH CAUSE OF ACTION

### FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS)

48.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 as though fully set for herein.

49.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

employment practices outlined above, include, to wit, by failing to (a) pay Plaintiff and the classes all regular time wages owed and (b) pay all vacation wages owed.

**50.**    DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

**51.**    Plaintiffs seek, on their own behalf and on behalf of other members of the classes similarly situated full restitution of regular time wages owed, as necessary and according to proof, to restore any and all regular time wages withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

**52.**    Plaintiffs seek, on their own behalf and on behalf of other members of the classes similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

**53.**    The acts complained of herein for Plaintiffs and the class members occurred within the last four years preceding the filing of the complaint in this action.

**54.**    Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 *et seq*., including those set forth herein above thereby depriving Plaintiffs and other members of the classes the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1.    For an order certifying the proposed classes;

2.    For an order appointing Plaintiffs as the representatives of the classes;

3.    For an order appointing Counsel for Plaintiffs as class counsel;

4.    Upon the First Cause of Action, for consequential damages according to proof and for

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203 and for costs, interest, and attorneys' fees;

5. Upon the Second Cause of Action, for all wages, damages, and/or penalties according to proof pursuant to California <u>Labor Code</u> § 227.3;

6. Upon the Third Cause of Action, for all wages, damages, and/or penalties according to proof pursuant to California <u>Labor Code</u> § 226;

7. Upon the Fourth Cause of Action, for restitution to Plaintiffs and the class members all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of <u>Business and Professions Code</u> § 17200 *et seq.*, for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

8. On all causes of action for attorneys fees and costs and interest as provided by California <u>Labor Code</u> §§ 201-204, 218.5, 218.6, 226, 227.3, and <u>Code of Civil Procedure § 1</u>021.5 and for such other and further relief the Court may deem just and proper.

DATED: February 20, 2009                    LAW OFFICES OF PETER M. HART


                                            By: _____/s/_____
                                                 Peter M. Hart, Esq.
                                                 Attorney for Plaintiffs and the classes



                                  DEMAND FOR JURY TRIAL

Plaintiffs, for themselves and the class members, hereby demand a jury trial.

DATED: February 20, 2009                    LAW OFFICES OF PETER M. HART


                                            By: _____/s/_____
                                                 Peter M. Hart, Esq.
                                                 Attorney for Plaintiffs and the classes

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF