# EXHIBIT A
# TO DECLARATION OF
# LARRY W. LEE

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and between Jaime Castro and Reyes Alvarez ("Plaintiffs") and UPS Ground Freight, Inc., Overnite Corporation, and United Parcel Service, Inc. (referred to hereinafter as "UPS" or "Defendants"). Plaintiffs and UPS collectively are referred to in this Agreement as the "Parties."

### I.    DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "**Action**" means Case No. CV08-4898 ODW (CWx) which was commenced on June 24, 2008, by Plaintiffs against UPS in the Superior Court of the State of California, County of Los Angeles, originally numbered BC 393239, and entitled "*JAIME CASTRO and REYES ALVAREZ as individuals and on behalf of all others similarly situated, Plaintiffs vs. UPS GROUND FREIGHT, INC., a corporation, UNITED PARCEL SERVICE, INC., a corporation, OVERNITE CORP., a corporation, and DOES 1-20, inclusive, Defendants*" and removed on July 25, 2008, to the United States District Court for the Central District of California, where it is now pending.

B.    "**City Driver Class Members**" means all members of either the City Driver Auto-Deduction Class or the City Driver Terminated Employee Class. There are approximately 1,039 City Driver Class Members.

1.    "**City Driver Auto-Deduction Class**" means all past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ).

2.    "**City Driver Terminated Employee Class**" means all past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, in California, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ).

C.    "**Non-City Driver Class Members**" means all members of either the Non-City Driver Auto-Deduction Class or the Non-City Driver Terminated Employee Class. There are approximately 2,392 Non-City Driver Class Members.

1.    **"Non-City Driver Auto-Deduction Class"** means all past and present non-union, non-exempt (hourly) employees of Defendants who were employed at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members.

2.    **"Non-City Driver Terminated Employees Class"** means all past and present non-union, non-exempt (hourly) employees of Defendants, who were employed at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, in California, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members.

D.    **"Class Counsel"** means Peter M. Hart, Esq., of Law Offices of Peter M. Hart, Larry W. Lee, Esq., Daniel H. Chang, Esq., and Craig S. Hubble, Esq., of Diversity Law Group, Kenneth H. Yoon, Esq., of Law Offices of Kenneth H. Yoon, and Eric S. Honig, Esq., of Law Offices of Eric S. Honig.

E.    **"Class Counsel Fees Payment"** and **"Class Counsel Litigation Expenses Payment"** mean the amounts awarded to Class Counsel by the District Court to compensate them for, respectively, their fees and expenses in connection with the Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

F.    **"Class Members"** means individuals who are City Driver Class Members or Non-City Driver Class Members, as defined herein.

G.    **"Class Notice"** means the Notice Of Proposed Class Action Settlement And Final Approval Hearing" as evidenced by Exhibit A to this Agreement and incorporated by reference into this Agreement.

H.    **"Class Notice Packet"** means the Class Notice, the form of Claim for Settlement Share, and the form of Election Not to Participate in Settlement.

I.    **"Class Period"** means the period of time from June 24, 2004, to the End Date.

J.    **"Class Representative Payments"** means the special payments made to Plaintiffs in their capacity as Class Representatives to compensate them for initiating the Action, performing work in support of the Action, and undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action.

K.    **"Compensable Work Weeks"** means, for each Class Member, the number of weeks during the Class Period in which that individual held a class position.

L.    **"District Court"** means the United States District Court for the Central District of California.

M.    **"Effective Date"** means the date by which all of the following have occurred:

    1.    UPS has not voided this Settlement pursuant to section III.G.6;

    2.    this Agreement is approved by the Judgment; and

    3.    the Judgment becomes Final.

N.    **"End Date"** means the date of the District Court's Order Granting Preliminary Approval, or February 23, 2009, whichever occurs earlier.

O.    **"Final"** means the last of the following dates, as applicable:

    1.    The last date on which a notice of appeal from the Judgment may be filed (61 days after the District Court's Order Granting Final Approval), and none is filed.

    2.    If a timely appeal from the Judgment is filed, the last of the following dates:

        a.    the last date by which a petition for review by the Ninth Circuit Court of Appeals of the District Court's order entering Judgment may be filed, and none is filed;

        b.    the last date by which a petition for a writ of *certiorari* to the United States Supreme Court of a decision by the Ninth Circuit Court of Appeal affirming the Judgment may be filed, and none is filed;

        c.    if a petition for a writ of *certiorari* to the U.S. Supreme Court, seeking review of the Judgment or of the Ninth Circuit's decision on an appeal from the Judgment is timely filed, the date on which the U.S. Supreme Court renders its decision denying the petition (where the immediately lower court affirmed the Judgment) or affirming the Judgment.

P.    **"Final Approval Hearing"** means the hearing to be conducted by the District Court to determine whether to approve finally and implement the terms of this Agreement.

Q.    **"Gross Settlement Amount"** means the maximum amount of $6,500,000 to be paid by UPS as provided by this Agreement.

3

R.   **"Judgment"** means the Order of Final Judgment and Dismissal with Prejudice entered by the District Court in the form evidenced by Exhibit E to this Agreement and incorporated by reference into this Agreement.

S.   **"Net Settlement Amount"** means the Gross Settlement Amount to be paid by UPS pursuant to this Settlement, less (i) the Class Representative Payments approved by the District Court; (ii) the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment approved by the District Court; (iii) the payment to the California Labor and Workforce Development Agency (the "LWDA") approved by the District Court; (iv) the Settlement Administrator's reasonable fees and expenses approved by the District Court; and (v) any other fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement and securing dismissal of the Action as approved by the District Court.

T.   **"Non-Participating Class Member"** means individual City Driver Class Members or Non-City Driver Class Members who submit a valid and timely Election Not to Participate in Settlement.

U.   **"Participating Class Member"** means a City Driver Class Member or Non-City Driver Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

V.   **"Participating Auto-Deductions Class Member"** means a member of either the City Driver Auto-Deduction Class or the Non-City Driver Auto-Deduction Class who is also a Participating Class Member.

W.   **"Participating Terminated Employees Class Member"** means a member of either the City Driver Terminated Employee Class or the Non-City Driver Terminated Employee Class who is also a Participating Class Member.

X.   **"Preliminary Approval of the Settlement"** means the District Court's preliminary approval of the Settlement without material change.

Y.   **"Settlement"** means the disposition of the Action and all related claims effectuated by this Agreement.

Z.   **"Settlement Administrator"** means the administrator appointed by the District Court to administer the Settlement.

AA.  **"Settlement Share"** means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

BB.  **"Terminated Employees Class Member"** means individuals who are members of either the City Driver Terminated Employees Class or Non-City Driver Terminated Employees Class.

CC.   **"UPS's Counsel"** means M. Kirby C. Wilcox, Esq., Jennifer S. Baldocchi, Esq., and Elizabeth A. Falcone, Esq. of Paul, Hastings, Janofsky & Walker LLP.

## II.   RECITALS

A.   On June 24, 2008, Plaintiffs commenced the Action against UPS by filing a Complaint in the Superior Court for the State of California, County of Los Angeles. In the initial complaint, Plaintiffs asserted, on behalf of the City Driver Class Members, four causes of action: (1) failure to pay all wages owed in violation of California Labor Code Section 201-204 based on alleged improper automatic deductions from employees' wages, (2) violation of Labor Code Section 227.3 for failure to pay out all vested vacation days upon termination, (3) failure to keep accurate records regarding wages earned, *inter alia*, on the alleged improper automatic deductions; and (4) violations of California's Business & Professions Code Section 17200, *et. seq.* Plaintiffs also contended that the Complaint encompassed claims for failure to provide meal periods under California Labor Code Section 226.7.

B.   UPS answered Plaintiffs' Complaint on July 23, 2008, denying all material allegations, and contending that a class could not properly be certified in the Action if it were litigated.

C.   UPS removed the Action to the U.S. District Court for the Central District of California on July 25, 2008.

D.   In connection with the Action, the Parties produced voluminous documents and data for both the City Driver Class Members and the Non-City Driver Class Members (including, by UPS, policy documents, human resources documents, and data based on analysis of UPS databases) which were reviewed, investigated, and analyzed by Class Counsel.

E.   Following this discovery and exchange of information, on December 15, 2008, the Parties participated in a mediation presided over by David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder LLP. During the mediation, each side, represented by its respective counsel, recognized the substantial risk of an adverse result in the Action and agreed to settle the Action and all other matters covered by this Agreement pursuant to the terms and conditions of this Agreement. This Agreement replaces and supersedes the Memorandum of Agreement entered into at the mediation and any other agreements, understandings, or representations between the Parties.

F.   On or about February 20, 2009, Plaintiffs filed a stipulation for leave to file a First Amended Complaint ("the Complaint" or "the lawsuit"), which contained the same allegations and claims as those raised in the original complaint, and added the Non-City Driver Class Members. UPS continues to deny all of Plaintiffs' material allegations, and contends that a class could not properly be certified in the Action if it were litigated.

G.   This Agreement represents a compromise and settlement of highly-disputed claims. Nothing in this Agreement is intended or will be construed as an admission by UPS that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims, or as an admission by Plaintiffs that UPS's defenses in the Action have merit.

Based on these Recitals, the Parties agree as follows:

## III.   SETTLEMENT TERMS AND CONDITIONS

A.   **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that UPS will pay under this Settlement is $6,500,000, plus the employer share of FICA/FUTA taxes.

B.   **Proportions of Net Settlement Amount:** The City Driver Class Members shall be disbursed a share of the Net Settlement Amount in a ratio that is $4,500,000:$6,500,000 (approximately 70% of the Net Settlement Amount) ("City Driver Distributable Amount"). The Non-City Driver Class Members shall be disbursed a share of the Net Settlement Amount in a ratio that is $2,000,000:$6,500,000 (approximately 30% of the Net Settlement Amount) ("Non-City Driver Distributable Amount").

C.   **Settlement Share.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member who submits a timely and valid Claim as follows:

1.   **Calculation of Settlement.**

a.   **Calculation of Payments to Class Members:** The respective amounts to be paid to the Class Members pursuant to this Agreement, other than the enhancement to Plaintiffs Castro and Alvarez, are referred to herein as "Individual Settlement Amounts." The Settlement will be on a claims-made basis, contingent upon the Class Members submitting a timely and valid Claim Form. The Individual Settlement Amounts shall be calculated as follows, unless the alternate calculation method articulated in Section III.C.1.b. applies:

(i)   The total number of weeks worked by all City Driver Class Members and all Non-City Driver Class Members will be determined from Defendants' payroll data during the Class Period by adding, for each respective group, the total number of weeks worked by the Automatic Deduction Class Member plus 1.1 times the total number of weeks worked by the Terminated Employee Class Members. This will yield the "City Driver Total Class Weeks Worked" and "Non-City Driver Total Class Weeks Worked." All

6

calculations of weeks worked will exclude any time indicated in the electronic database of Defendants in which the employee was out of work on a leave of absence, but otherwise will include vacation days, holidays, sick days and other regular time off while the Class Member was employed in the covered position with UPS.

(ii)    The City Driver Distributable Amount will be divided by the City Driver Total Class Weeks Worked, which will yield the City Driver Per Week Amount.

(iii)    The Non-City Driver Distributable Amount will be divided by the Non-City Driver Total Class Weeks Worked, which will yield the Non-City Driver Per Week Amount.

(iv)    The total number of weeks worked by each individual Participating Class Member who submits a timely and valid claim form will be separately determined from Defendants' payroll data during the Class Period, with weeks worked by a Participating Terminated Employee Class Member increased by 1.1 ("Total Individual Weeks Worked").

(v)    For each individual Participating Class Member who submits a timely and valid Claim Form, his or her Total Individual Weeks Worked shall be multiplied by the City Driver Per Week Amount or the Non-City Driver Per Week Amount, depending upon the class to which the Participating Class Member belongs. The resulting figure will be paid to that Class Member.

b.    **Alternate Calculation Method.** In the event that the amount claimed under the formulae articulated in Section III.C.1.a. totals less than 50% of the Net Settlement Amount, the Settlement Shares for Participating Class Members who submit valid and timely Claims will be subject to a proportional increase, shared equally by Participating Class Members, that will result in payment of 50% of the Net Settlement Amount.

2.    **Withholding.**

a.    One half of each Settlement Share (the "Wage Portion") is intended to settle each Participating Class Member's claims for unpaid wages. Accordingly, the Wage Portion of Settlement Shares paid will be reduced by applicable payroll tax withholding and deductions, and the Settlement Administrator will issue a Form W-2 with respect to the Wage Portion. The employer's share of

7

legally required payroll taxes for the Wage Portion will be paid separately and not from the Gross Settlement Amount.

b. One half of each Settlement Share (the "Non-Wage Portion") is intended to settle each Participating Class Member's claims for interest and penalties. Accordingly, the Non-Wage Portion of Settlement Shares paid will not be reduced by payroll tax withholding and deductions; and, instead, the Settlement Administrator will issue a Form 1099, as necessary, with respect to the Non-Wage Portion.

3. **Unclaimed Settlement Shares.** If a Participating Class Member does not submit a timely and proper Claim, then his or her Settlement Share will not be paid and instead will be retained by UPS, and neither that Participating Class Member, any other Class Member, Plaintiffs, nor Class Counsel, will have any claim to that Settlement Share, except to the extent that Section III.C.1.b. requires a proportional increase to settlement shares of Participating Class Members who submit valid and timely Claims for Settlement Shares, if applicable.

D. **Payments to Plaintiffs, Class Counsel, the LWDA, and the Settlement Administrator.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount as follows:

1. **To Plaintiffs:** In addition to their Settlement Shares, Plaintiffs Jaime Castro and Reyes Alvarez will apply to the District Court for awards of not more than $20,000, respectively, as Class Representative Payments. UPS will not oppose Class Representative Payments of $20,000 each for Jaime Castro and Reyes Alvarez. The Settlement Administrator will pay the Class Representative Payments approved by the District Court out of the Gross Settlement Amount. If the District Court approves Class Representative Payments of less than $20,000 for Jaime Castro and Reyes Alvarez, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Representative Payments and instead Form 1099s will be issued to Plaintiffs with respect to that payment.

2. **To Class Counsel:** Class Counsel will apply to the District Court for an award of not more than $1,950,000 (30% of the Gross Settlement Amount) as their Class Counsel Fees Payment and an amount of not more than $20,000 as their Class Counsel Litigation Expenses Payment, and UPS will not oppose their requests. The Settlement Administrator will pay the amount approved by the District Court (but not more than $1,950,000 and $20,000, respectively) out of the Gross Settlement Amount. If the District Court approves a Class Counsel Fees Payment or

8

a Class Counsel Litigation Expenses Payment of less than $1,950,000 or $20,000, respectively, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Counsel Fees and Expenses Payment and instead one or more Forms 1099 will be issued to Class Counsel with respect to those payments.

3. **To LWDA.** The Parties will apply to the District Court for a payment out of the Gross Settlement Amount to the LWDA of $35,000 (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to PAGA. If the District Court approves an LWDA Payment of less than $35,000, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

4. **To the Settlement Administrator.** The Settlement Administrator will pay out of the Maximum Settlement to itself its reasonable fees and expenses as approved by the District Court in an amount not to exceed $42,500.

E. **Employer Share of Payroll Taxes.** UPS separately will pay to the responsible tax authorities the employer share of payroll taxes on Settlement Shares paid to Participating Class Members, and the amount paid will not reduce the Gross Settlement Amount or the Net Settlement Amount.

F. **Appointment of Settlement Administrator.** The Parties will ask the District Court to appoint Rust Consulting, a qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation. The Settlement Administrator's duties will include preparing, printing, and mailing the Class Notice Packet to all Class Members; conducting a National Change of Address search on any Class Notice Packet returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice Packet to the Class Member's new address; sending a reminder postcard to Class Members; setting up a toll-free telephone number to receive calls from Class Members; receiving completed Claims for Settlement Shares and Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Claims for Settlement Shares and Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement. The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations set forth in this Agreement. The Settlement Administrator's reasonable fees and expenses, including the cost of printing and mailing the Class Notice Packet, will be paid out of the Gross Settlement Amount.

G.    **Procedure for Approving Settlement.**

1.    **Motion for Conditional Certification of Class and Preliminary Approval of Settlement by the District Court.**

a.    The Parties jointly will move the District Court for an order conditionally certifying the Class, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice, the Claim for Settlement Share (as evidenced by Exhibit B to this Agreement and incorporated by reference into this Agreement), and the form of Election Not to Participate in Settlement (as evidenced by Exhibit C to this Agreement and incorporated by reference into this Agreement) (the "Motion for Preliminary Approval"). Any disagreement between the Parties concerning the Class Notice, the Claim for Settlement Share, the Election Not to Participate in Settlement, or other documents necessary to implement the Settlement will be referred to the District Court.

b.    At the hearing on the Motion for Preliminary Approval, the Parties jointly will appear, support the granting of the motion, and submit an Order Granting Conditional Certification of Class and Preliminary Approval of Settlement, Approval of Notice to Class and Form of Election Not to Participate, and Setting Hearing for Final Approval of Settlement in the form evidenced by Exhibit D to this Agreement and incorporated by reference into this Agreement.

c.    Should the District Court decline to conditionally certify the Settlement Class or to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

2.    **Notice to Class Members.** After the District Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with the Class Notice Packet (which will include the Class Notice completed to reflect the order granting Preliminary Approval of the Settlement and the Claim for Settlement Share completed to show the Class Member's information) as follows:

a.    Within 60 days after the District Court enters its order granting Preliminary Approval of the Settlement, UPS will provide to the Settlement Administrator an electronic database containing for each Class Member his or her name, last known mailing address and telephone number, Social Security number, any relevant employee identification numbers, and the comprehensive range of dates during which he or she was in a class position. Additionally,

10

UPS will provide the number of Compensable Work Weeks, and for Terminated Employee Class Members, UPS will provide the date of last termination (collectively, the "Class Member Data"). If any or all of the Class Member Data is unavailable to UPS, UPS will so inform Class Counsel and the Parties will make their best efforts to reconstruct or otherwise agree upon the Class Member Data prior to when it must be submitted to the Settlement Administrator. If the Parties are unable to agree, the dispute will be resolved pursuant to the dispute-resolution procedure set forth in section III.G.4. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in section III.G.2.c., or pursuant to UPS's express written authorization or by order of the District Court.

b.  Within 15 days after receiving the Class Member Data, or as soon thereafter as it is able to do so, the Settlement Administrator will mail the Class Notice Packets to all identified Class Members via first-class regular U.S. Mail using the mailing address information provided by UPS, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

c.  If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than 10 days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member. The Settlement Administrator will use the Class Member Data and otherwise work with UPS to find that more current address. The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable. These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found. If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and UPS's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties.

d.  Not later than 30 days after mailing Class Notice Packets, the Settlement Administrator will send a reminder postcard to those

Class Members who have not submitted a valid Claim for Settlement Share or Election Not to Participate.

e.   As part of its weekly status report, the Settlement Administrator will inform Class Counsel and UPS's Counsel of completed Elections Not to Participate in Settlement it receives.

f.   Not later than 25 court days prior to the Final Approval Hearing, the Settlement Administrator will serve on the Parties and file with the District Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement. Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.   **Comments on or Objections to Settlement; Claims for Settlement Shares; Elections Not to Participate in Settlement.** Class Members may submit objections to the Settlement, Claims for Settlement Shares, or Elections Not to Participate in Settlement pursuant to the following procedures:

a.   **Comments on or Objections to Settlement.** The Class Notice will provide that Class Members who wish to comment on or object to the Settlement must file with the District Court and serve on counsel for the Parties not later than 60 days after the Settlement Administrator mails the Class Notice, a written comment on or objection to the Settlement, setting forth the grounds for the comment or objection. The statement also will indicate whether the Class Member intends to appear and comment or object at the Final Approval Hearing; the failure to so indicate will constitute a waiver of the right to appear at the hearing. A Class Member who does not file and serve a written comment or objection in the manner and by the deadline specified above will be deemed to have waived any comments or objections and will be foreclosed from making any comments or objections (whether by appeal or otherwise) to the Settlement.

b.   **Claims for Settlement Shares.** The Class Notice also will provide that Class Members who wish to receive a Settlement Share must mail to the Settlement Administrator not later than 60 days after the Settlement Administrator mails the Class Notice, a Claim for Settlement Share signed and accompanied by of the last four (4) digits of the Class Member's Social Security Number. If a question is raised about the authenticity of a signed Claim for Settlement Share, the Settlement Administrator will have the right to demand additional proof of the Participating Class Member's identity. A Participating Class Member who does not complete

12

and mail a timely Claim for Settlement Share will not receive a Settlement Share but will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the District Court, and will be bound by the Judgment.

c.    **Election Not to Participate in Settlement.** The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator not later than 60 days after the Settlement Administrator mails the Class Notice a signed Election Not to Participate in Settlement accompanied by a copy of the Class Member's Driver's License or other government-issued identification. If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment. A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, if the Settlement is approved by the District Court, and by the Judgment, regardless of whether he or she has objected to the Settlement.

d.    **Report.** Not later than 14 days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administrator will provide the Parties with a complete and accurate list of all Participating Class Members and Non-Participating Class Members.

4.    **Resolution of Disputes.** If a Class Member disputes the number of Compensable Work Weeks stated for that Class Member or the termination date indicated on his or her Claim for Settlement Share, the Class Member must ask the Settlement Administrator to resolve the matter by returning the Claim for Settlement Share with a statement of the number of Compensable Work Weeks that he or she contends were worked and/or the date he or she contends is the actual termination date and including with the Form any documentation the Class Member has to support his or her contention. In the event of such a dispute, UPS will manually review its payroll and personnel records to verify the correct number of Compensable Work Weeks and/or termination date. UPS's records will have a rebuttable presumption of correctness. After consultation with Class Counsel, the Class Member and UPS, the Settlement Administrator will make a determination of the Class Member's number of Compensable Work Weeks or termination date and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

5.    **No Solicitation of Comment, Objection, or Election Not to Participate.** Neither the Parties, nor their respective counsel, will solicit or otherwise encourage directly or indirectly any Class Member to comment on or object to the Settlement, appeal from the Judgment, or elect not to participate in the Settlement.

6.    **Right of UPS to Reject Settlement.** If five percent or more of Class Members, or a number of Class Members whose Settlement Shares would be worth five percent or more of all Class Members' Settlement Shares if all Class Members were Participating Class Members, timely submit completed Elections Not to Participate in Settlement, UPS will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by UPS to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that UPS will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that UPS exercises its right to void the Settlement. UPS will notify Class Counsel and the District Court whether it is exercising this right to void not later than 14 days after the Settlement Administrator notifies the Parties of the final number of valid Elections Not to Participate in Settlement.

7.    **Additional Briefing and Final Approval.**

    a.    Not later than 21 court days before the Final Approval Hearing, the Parties jointly will file with the District Court a motion for final approval of the Settlement, the LWDA Payment, and payment of the Settlement Administrator's reasonable fees and expenses and a memorandum in support of their motion; and Plaintiffs and Class Counsel will serve on UPS and file with the District Court a motion for awards of the Class Representative Payments, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment pursuant to this Settlement, and memoranda in support of their motions.

    b.    Not later than seven court days before the Final Approval Hearing, the Parties jointly may file a reply in support of their motion for final approval of the Settlement, the LWDA Payment, and payment of the Settlement Administrator's reasonable fees and expenses to the extent that any opposition to the motion is filed; and Plaintiffs and Class Counsel may file replies in support of their motions for the Class Representative Payments, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment.

    c.    If the District Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the

Settlement, then either Party will have the right, but not the obligation, to void the Settlement; if that occurs, the Parties will have no further obligations under the Settlement, including any obligation by UPS to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under this Agreement, except that UPS will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date UPS exercises the right to void the Settlement under this paragraph. If Plaintiffs exercise the right to void the Settlement, Plaintiffs will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date Plaintiffs exercise the right to void the Settlement under this paragraph. However, an award by the District Court of a lesser amount than that sought by Plaintiffs and Class Counsel for the Class Representative Payments, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment, will not constitute a material modification to the Settlement within the meaning of this paragraph.

d. Upon final approval of the Settlement by the District Court at or after the Final Approval Hearing, the Parties will present for the District Court's approval and entry the Judgment. After entry of the Judgment, the District Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

8. **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiffs, Participating Class Members who did not timely submit an objection to the Settlement, UPS, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate judgment, a motion for new trial, a motion under Federal Rule of Civil Procedure 60(b) and/or California Code of Civil Procedure section 473, and any extraordinary writ, and the Judgment therefore will become nonappealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. This paragraph does not preclude Plaintiffs or Class Counsel from appealing from a refusal by the District Court to award the full Class Representative Payments, the full Class Counsel Fees Payment, or the full Class Counsel Litigation Expenses Payment sought by them. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as their appeal is finally resolved and the Judgment becomes Final.

9.  **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.**  If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then either Plaintiffs or UPS will have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the District Court not later than 14 days after the reviewing court's decision vacating, reversing, or materially modifying the Judgment becomes Final.  A vacation, reversal, or modification of the District Court's award of the Class Representative Payments or the Class Counsel Fees and Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that UPS's obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

10. **Timing of Provision of Settlement Shares and Payments.**

    a.  Within fourteen days after the Judgment becomes Final, the Settlement Administrator will pay from the Gross Settlement Amount to Participating Class Members who have submitted valid and timely Claims for Settlement Shares and who do not dispute their settlement shares, the Settlement Shares; to Plaintiffs, the Class Representative Payments; to Class Counsel, the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment; to the LWDA, the LWDA Payment; and to the Settlement Administrator, its reasonable fees and expenses.

    b.  UPS shall have the option of depositing settlement funds into a Qualified Settlement Fund ("QSF") and asking the Administrator to issue payments under this Settlement.  Interest earned by the QSF shall defray the cost of administering the QSF and costs associated with issuing payments.  UPS shall pay any additional QSF costs or shall receive any remaining interest after costs have been recovered if it elects to use a QSF.

11. **Uncashed Settlement Share Checks.**  A Participating Class Member must cash his or her Settlement Share check within 120 days after the date on which it is mailed to him or her.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Participating Class Member at his or her correct address.  If any Participating Class Member's Settlement Share check is not cashed within 90 days after its last mailing to the Participating Class Member, the Settlement Administrator will send the Participating Class Member a letter informing him or her that unless the check is cashed

16

in the next 30 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 30-day period after this notice, the Settlement Administrator will pay over the funds represented by the check to the California State Controller-Unclaimed Property Division (or equivalent state office for Participating Class Members outside California) with an identification of the Participating Class Member.  In such event, the Participating Class Member nevertheless will remain bound by the Settlement.

12. **Final Report by Settlement Administrator to District Court.**  Within ten days after final disbursement of all funds from the Settlement Account, the Settlement Administrator will serve on the Parties and file with the District Court a declaration proving a final report on the disbursements of all funds from the Settlement Account.

H. **Release of Claims.**

1. **Plaintiffs.** As of the date of the Judgment, and contingent on the Court awarding Class Representative Payments, Plaintiffs in addition to the release provided as Participating Class Members hereby fully and finally release UPS (defined above to include UPS Ground Freight, Inc., Overnite Corporation, and United Parcel Service, Inc.), and its parents, predecessors, successors, subsidiaries, affiliates, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, including but not limited to claims arising from or related to their employment with UPS, their compensation while UPS employees (or employees of a predecessor company), under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law ("Plaintiffs' Released Claims").  Plaintiffs' Released Claims include, but are not limited to, the following list of examples:  Plaintiffs' Released Claims include all claims for unpaid wages, including overtime compensation, missed meal-period and rest-break wages, and interest; penalties, including, but not limited to, recordkeeping penalties, pay-stub penalties, minimum-wage penalties, missed meal-period and rest-break penalties, and waiting-time penalties; and attorneys' fees and expenses. Plaintiffs' Released Claims include all such claims arising under the California Labor Code (including, but not limited to, sections 203, 226.7, and 227.3, *et seq.*); the wage orders of the California Industrial Welfare Commission; the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*; California Business and Professions Code section 17200 *et seq.*; the California common law of contract; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; federal common law; and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Plaintiffs' Released Claims also include all claims for lost wages and benefits, emotional distress, punitive damages, and attorneys' fees and

17

expenses arising under federal, state, or local laws for discrimination, harassment, and wrongful termination, such as, by way of example only, (as amended) 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the California Fair Employment and Housing Act; and the law of contract and tort. Hereinafter, these released claims are referred to as "Plaintiffs' Released Claims." This release excludes the release of claims not permitted by law.

2.   **Participating Class Members.** As of the date of the Judgment, and in consideration of their settlement payments and the other terms and conditions of this Settlement, each Participating Class Member, *i.e.* any Class Member who does not timely and validly opt-out of the class settlement, releases any and all claims, including claims under California Business & Profession Code Section 17200, against UPS (defined above to include UPS Ground Freight, Inc., Overnite Corporation, and United Parcel Service, Inc.), and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, that were raised or could have been raised in the Action based on the alleged auto-deductions, the alleged resulting failure to pay all straight time or overtime wages, failure to provide meal or rest periods, vested vacation or other paid time off, inaccurate pay stubs or wage statements, all claims for related civil and statutory penalties (including, but not limited to, waiting time penalties and civil penalties under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*), and interest, whether founded on state or federal law (hereinafter referred to as the "Participating Class Member Released Claims"). This release excludes the release of claims not permitted by law.

3.   **Class Counsel.** As of the date of the Final Judgment, and except as otherwise provided by this Agreement, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against UPS arising from or related to the Action, including but not limited to claims based on the California Labor Code, the California Code of Civil Procedure, the Fair Labor and Standards Act, or any other statute or law (the "Class Counsel Released Claims").

4.   **Waiver of Rights Under California Civil Code Section 1542.** Plaintiffs' Released Claims, the Participating Class Member Released Claims, and the Class Counsel Released Claims include all such claims, whether known or unknown by the releasing party. Thus, even if Plaintiffs, a Participating Class Member, or Class Counsel discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of their respective Plaintiffs' Released Claims, Participating Class Member Released Claims, or Class Counsel Released Claims, those claims will remain released and forever barred. Therefore, with respect to those Released Claims, Plaintiffs, the

Participating Class Members, and Class Counsel expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, which reads

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5. **Release As To Period Of Union Membership.** Class membership does not include the periods of time that Participating Class Members were union members and/or covered by a collective bargaining agreement. Participating Class Members do not release any claims, rights or remedies under this Settlement for such time(s). Defendants have agreed not to use this Settlement against any Class Members for such time(s) he or she was a union-member and/or worked under a collective bargaining agreement.

I. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiffs or Participating Class Members, and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

J. **Limitation on Public Statements Regarding Settlement.** Plaintiffs and Class Counsel will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the Action and/or the fact, amount or terms of the Settlement until the District Court has granted Preliminary Approval of the Settlement. Any communication about the Settlement to Class Members prior to the Settlement Administrator's mailing of the Class Notice Packet will be limited to a statement that a settlement has been reached and the details will be communicated in the Class Notice.

K. **Miscellaneous Terms.**

1. No Admission of Liability or Class Certification for Other Purposes.

   a. UPS denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, has any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by UPS, or an admission by Plaintiffs that any of their claims was non-meritorious or any defense asserted by UPS was meritorious.

19

This Settlement and the fact that Plaintiffs and UPS were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.    The Parties have agreed to the certification of the Class for the sole purpose of effectuating this Settlement.  Should the Settlement be voided by UPS pursuant to this Agreement, or not approved by the District Court, or should the Judgment not become Final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action or any other action, and in any of those events UPS expressly reserves the right to oppose class certification.

c.    Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to UPS or any other beneficiary of the releases granted under this Agreement (the "Released Parties"), including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.    This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

2.    **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

3.  **Attorney Authorization.**  Class Counsel and UPS's Counsel warrant and represent that they are authorized by Plaintiffs and UPS, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the District Court, and in all cases all such documents, supplemental provisions and assistance of the court will be consistent with this Agreement.

4.  **Modification of Agreement.**  This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

5.  **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

6.  **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

7.  **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

8.  **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

9.  **No Settlement Fund.**  This Settlement does not create a fund within the meaning of California Code of Civil Procedure section 384.

10. **Use and Return of Documents and Data.**  All originals, copies, and summaries of documents and data provided to Class Counsel by UPS in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  Within 30 days after the Judgment

becomes Final, Class Counsel will return or destroy and confirm in writing to UPS the destruction of all such documents and data.

11. **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

12. **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States first class mail, addressed as follows:

*To Plaintiffs and the Class:*

Peter M. Hart, Esq.
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

Larry W. Lee, Esq.
Daniel H. Chang, Esq.
Craig S. Hubble, Esq.
Diversity Law Group, A Professional Corporation
444 S. Flower Street,
Citigroup Center. Suite 1370
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
lwlee@diversitylaw.com
dchang@diversitylaw.com
chubble@diversitylaw.com

Kenneth H. Yoon, Esq.
Law Offices of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
kyoon@yoon-law.com

Eric Honig, Esq.
Law Offices of Eric Honig
P.O. Box 10327
Marina Del Rey, CA 90295

Telephone: (310) 314-2603
Facsimile: (310) 314-2793
erichonig@aol.com

*To UPS:*

Jennifer S. Baldocchi, Esq.
Elizabeth A. Falcone, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: (213) 638-6000
Facsimile: (213) 627-0705
jenniferbaldocchi@paulhastings.com
elizabethfalcone@paulhastings.com

13.    **Execution in Counterpart.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile signatures will be accepted if the original signature is provided within seven days. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: 2|21| , 2009          JAIME CASTRO

Dated: 2-2/ , 2009          REYES ALVAREZ

23

Dated: 2/21, 2009.    PETER M. HART
                      LAW OFFICES OF PETER HART

                      By: _____
                                    Peter M. Hart

Dated: _____, 2009.    LARRY W. LEE
                           DIVERSITY LAW GROUP


                           By: _____
                                       Larry W. Lee

Dated: 2/21, 2009.    KENNETH H. YOON
                      LAW OFFICES OF KENNETH H. YOON

                      By: _____
                                    Kenneth H. Yoon


Dated: _____, 2009.    ERIC HONIG
                           LAW OFFICES OF ERIC HONIG


                           By: _____
                                        Eric Honig


Dated: _____, 2009.    UNITED PARCEL SERVICE, INC.


                           _____
                                       Bryan Brum


Dated: _____, 2009.    M. KIRBY WILCOX
                           JENNIFER S. BALDOCCHI
                           ELIZABETH A. FALCONE
                           PAUL, HASTINGS, JANOFSKY & WALKER LLP


                           By: _____
                                    Jennifer S. Baldocchi


24

Dated: _____, 2009.        PETER M. HART
                                LAW OFFICES OF PETER HART


                                By: _____
                                              Peter M. Hart

Dated: 2/22, 2009.              LARRY W. LEE
                                DIVERSITY LAW GROUP


                                By: _____
                                              Larry W. Lee

Dated: 2/21, 2009.             KENNETH H. YOON
                                LAW OFFICES OF KENNETH H. YOON


                                By: _____
                                              Kenneth H. Yoon


Dated: 2/22, 2009.             ERIC HONIG
                                LAW OFFICES OF ERIC HONIG


                                By: _____
                                              Eric Honig


Dated: _____, 2009.        UNITED PARCEL SERVICE, INC.


                                _____
                                              Bryan Brum


Dated: _____, 2009.        M. KIRBY WILCOX
                                JENNIFER S. BALDOCCHI
                                ELIZABETH A. FALCONE
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                By: _____
                                              Jennifer S. Baldocchi

24

Dated: _____, 2009.    PETER M. HART
LAW OFFICES OF PETER HART


By: _____
Peter M. Hart

Dated: _____, 2009.    LARRY W. LEE
DIVERSITY LAW GROUP


By: _____
Larry W. Lee


Dated: _____, 2009.    KENNETH H. YOON
LAW OFFICES OF KENNETH H. YOON


By: _____
Kenneth H. Yoon


Dated: _____, 2009.    ERIC HONIG
LAW OFFICES OF ERIC HONIG


By: _____
Eric Honig


Dated: FEB 23, 2009.    UNITED PARCEL SERVICE, INC.


_____
Jeffrey D. Firestone, Asst. Secretary

Dated: Feb 24, 2009.    M. KIRBY WILCOX
JENNIFER S. BALDOCCHI
ELIZABETH A. FALCONE
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
Jennifer S. Baldocchi

24

**EXHIBIT A**

[NOTICE OF CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PROPOSED SETTLEMENT, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL]

EXHIBIT A

---

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
FINAL APPROVAL HEARING**

Jaime Castro and Reyes Alvarez v. UPS Ground Freight, Inc., United Parcel Service, Inc. and Overnite Corp.
United States District Court – Central District Case No. CV 08-4898 ODW (CWx)

[text obscured]

---

**PLEASE READ THIS NOTICE CAREFULLY**

IT MAY AFFECT YOUR LEGAL RIGHTS RELATED TO YOUR EMPLOYMENT WITH UPS FREIGHT, YOUR RIGHT TO OBTAIN A SHARE OF THE *CASTRO v. UPS FREIGHT* CLASS ACTION SETTLEMENT, YOUR RIGHT NOT TO PARTICIPATE IN THE SETTLEMENT, AND YOUR RIGHT TO OBJECT TO OR COMMENT ON THE SETTLEMENT.

**IF YOU WISH TO RECEIVE ANY MONEY UNDER THIS SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED CLAIM FOR SETTLEMENT SHARE ON OR BEFORE _____, 2009.**

IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION NOT TO PARTICIPATE ON OR BEFORE _____, 2009, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.

IF YOU WISH TO OBJECT TO OR COMMENT ON THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

---

**WHAT THIS NOTICE IS ABOUT**

A proposed settlement (the "Settlement") has been reached between Plaintiffs Jaime Castro and Reyes Alvarez and defendant UPS Ground Freight, Inc., United Parcel Service, Inc., and Overnite Corp. (collectively, "Defendants") in the class action pending in the Court brought on behalf of the following individuals (the "Class," "Classes," or "Class Members"):

1.  All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Auto-Deduction Class"); AND

2.  All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, whose employment with Defendants ended prior to [date of preliminary court approval of the Settlement], specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Terminated Employee Class"); AND

3.  All past and present non-union, non-exempt (hourly) employees of Defendants who were employed at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the "Non-City Driver Auto-Deduction Class"); AND

4.   All past and present non-union, non-exempt (hourly) employees of Defendants, who were employed at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, whose employment with Defendants ended prior to [date of preliminary court approval of the Settlement], specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the"Non-City Driver terminated Employees Class").

The Court has preliminarily approved the Settlement and conditionally certified the Classes for purposes of the Settlement only.  You have received this notice because UPS Freight records indicate that you are a member of a Class.  This notice is designed to inform you of how you can comment in favor of the Settlement, object to the Settlement, submit a claim for a share of the Settlement proceeds, or elect not to participate in the Settlement.  Even if you do not submit a claim for a share of the settlement proceeds, unless you submit an election not to participate in the Settlement, the Settlement if finally approved by the Court will be binding upon you.

On June 24, 2008, Plaintiffs Jaime Castro and Reyes Alvarez commenced civil action No. CV-08—4898 ODW (CWx), entitled *"JAIME CASTRO and REYES ALVAREZ as individuals and on behalf of all others similarly situated, Plaintiffs vs. UPS GROUND FREIGHT, INC., a corporation, UNITED PARCEL SERVICE, INC., a corporation, OVERNITE CORP., a corporation, and DOES 1-20, inclusive, Defendants"* (the "Action"), in the Superior Court of the State of California, County of Los Angeles.  Defendants removed the Action to the United States District Court for the Central District of California, where it is now pending.

In the Action, Plaintiffs allege that UPS Freight made improper automatic deductions from employees' timecards; failed to provide meal and rest periods to the classes; failed to pay all proper vacation wages; failed to provide accurate wage statements to the classes; failed to provide timely payment of final wages to the Terminated Employee Classes; and, that in engaging in these alleged practices, UPS Freight violated California Business and Professions Code section 17200.  UPS Freight denied and continues to deny all of Plaintiffs' material allegations.

After good-faith negotiations presided over by a private mediator, in which both sides recognized the risk of an adverse result in the Action for either side, Plaintiffs and Defendants agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly-disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or any Class on those claims.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

## SUMMARY OF THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

You are included in the Settlement if you fall within at least one of the following definitions:

1.   All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by UPS Freight at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Auto-Deduction Class"); AND

2.   All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by UPS Freight at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, whose employment with UPS Freight ended prior to [date of preliminary court approval of the Settlement], specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Terminated Employee Class"); AND

3.   All past and present non-union, non-exempt (hourly) employees of UPS Freight who were employed at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the "Non-City Driver Auto-Deduction Class"); AND

4.   All past and present non-union, non-exempt (hourly) employees of UPS Freight, who were employed at any time from June 24, 2004, through [date of preliminary court approval of the Settlement], in California, whose employment with UPS Freight ended prior to [date of preliminary court approval of the Settlement], specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any City Driver Class Members (the "Non-City Driver terminated Employees Class").

## WHAT YOU RECEIVE FROM THE SETTLEMENT

1.   Under the Settlement, Defendants will pay up to a Gross Settlement Amount of $6,500,000.

2.   From the Gross Settlement Amount, the Settlement Administrator will pay the Class Representative Payments to Jaime Castro and Reyes Alvarez (in amounts to be set by the Court), Class Counsel Fees and Expenses Payment (to be set by the Court), a payment to the Labor Workforce Development Agency of the State of California (to be set by the Court), the Settlement Administrator's fees and expenses, and any other fees or expenses incurred in implementing the terms of this Settlement. The remaining amount will be the "Net Settlement Amount." Approximately 70% of the Net Settlement Amount will be allocated to payment of the settlement shares to the City Driver Auto-Deduction Class and the City Driver Terminated Employee Class. Approximately 30% of the Net Settlement Amount will be allocated to payment of the settlement shares to the Non-City Driver Auto-Deduction Class and the Non-City Driver Terminated Employee Class.

3.   Defendants will pay to each Class Member who completes and submits a Claim for Settlement Share a Settlement Share based on the following formulae:

- The total number of weeks worked by all City Driver Class Members and all Non-City Driver Class Members will be determined from Defendants' payroll data during the Class Period by adding, for each respective group, the total number of weeks worked by the Automatic Deduction Class Member, plus 1.1 times the total number of weeks worked by the Terminated Employee Class Members. This will yield the "City Driver Total Class Weeks Worked" and "Non-City Driver Total Class Weeks Worked." All calculations of weeks worked will exclude any time indicated in the electronic database of Defendants in which the employee was out of work on a leave of absence, but otherwise will include vacation days, holidays, sick days, and other regular time off while the Class Member was employed in the covered position with UPS Freight.

- The City Driver Distributable Amount will be divided by the City Driver Total Class Weeks Worked, which will yield the City Driver Per Week Amount.

- The Non-City Driver Distributable Amount will be divided by the City Driver Total Class Weeks Worked, which will yield the Non-City Driver Per Week Amount.

- The total number of weeks worked by each individual Participating Class Member who submits a timely and valid claim form will be separately determined from Defendants' payroll data during

the Class Period, with weeks worked by a Participating Terminated Employee Class Member increased by a factor of 1.1 ("Total Individual Weeks Worked").

- For each individual Participating Class Member who submits a timely and valid Claim Form, his or her Total Individual Weeks Worked shall be multiplied by the City Driver Per Week Amount or the Non-City Driver Per Week Amount, depending upon the class to which the Participating Class Member belongs. The resulting figure will be paid to that Class Member.

- **Alternate Calculation Method.** In the event that the amount claimed under the formulae articulated in the bullet points above totals less than 50% of the Net Settlement Amount, the Settlement Shares for Participating Class Members who submit valid and timely Claims will be subject to a proportional increase, shared equally by Participating Class Members, that will result in payment of 50% of the Net Settlement Amount.

4. The Settlement Shares and other amounts will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

5. You will be entitled to a Settlement Share if you complete and submit by the deadline the form of Claim for Settlement Share that is provided with this notice and in accordance with the conditions for submitting that Claim. You will not receive a Settlement Share unless you complete and timely submit a Claim for Settlement Share, but you will remain bound by the Settlement.

6. You will be excluded from the Settlement if you complete and submit by the deadline an Election Not to Participate in Settlement form that is provided with this notice and in accordance with the conditions for submitting that Election. If you do not complete and timely submit an Election Not to Participate, you will be bound by the Settlement even if you do not submit a Claim for Settlement Share.

7. The Court has appointed Rust Consulting, Inc. to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's entitlement to a Settlement Share. If you believe: (1) You were classified by UPS Freight as a non-unionized, Less-Than-Truckload City Driver between June 24, 2004, and [DATE OF ORDER GRANTING PRELIMINARY APPROVAL], but your Claim for Settlement Share indicates you were not; or (2) You dispute the number of work weeks during which you worked in a class position between June 24, 2004, and [DATE OF ORDER GRANTING PRELIMINARY APPROVAL] listed on your Claim for Settlement Share; or (3) You believe you are a Terminated Employees Class Member, but your claim form does not include a separation date, you must ask the Settlement Administrator to resolve the matter. In order to do so, you must communicate, in writing, to the Settlement Administrator by the deadline the fact of the dispute and the basis for your contention (including any documentary evidence that you have to support your contention). In the event of such a dispute, Defendants manually will review their payroll and personnel records (or their predecessor companies' payroll and personnel records) to verify the correct number of your work weeks and/or a separation date. Defendants' records will have a rebuttable presumption of correctness. After consultation with you, Class Counsel, and Defendants, the Settlement Administrator will make a determination of the whether you were a City Driver, the number of your work weeks, or whether you were terminated in the applicable time period, and that determination will be final, binding on you and Defendants, and non-appealable.

8. **Participating Class Member Release.** The Settlement includes a release, as of the date of the Judgment, of any and all claims, including claims under California Business & Profession Code Section 17200, against UPS (defined to include UPS Ground Freight, Inc., Overnite Corporation, and United Parcel Service, Inc.), and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, that were raised or could have been raised in the Action based on the alleged auto-deductions, the alleged resulting failure to pay all straight time or overtime wages, failure to provide meal or rest periods, vested vacation or other paid time off, inaccurate pay stubs or wage statements, all claims for related civil and statutory penalties (including, but not limited to, waiting time penalties and civil penalties under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*), and interest, whether founded on state or federal law (hereinafter referred to as the "Participating Class Member Released Claims"). This release excludes the release of claims not permitted by law.

9. The Participating Class Member Released Claims include all such claims, whether known or unknown.

Thus, if you participate in the Settlement, then even if you discover facts in addition to or different from those that you now know or believe to be true with respect to the subject matter of the Participating Class Member Released Claims, those claims will remain released and forever barred.    Therefore, as participating Class Members, you and Class Counsel expressly waive and relinquish the provisions, rights, and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

10.  **Class Representative Payment:**  In addition to their shares as Participating Class Members, Plaintiffs will seek approval from the Court for payment of $20,000 each to Jaime Castro and Reyes Alvarez for their services as Class Representatives in initiating the Action, their work in the prosecution of the Action, and their acceptance of the risk of paying Defendants' attorneys' fees and expenses in the event of an unsuccessful outcome of the Action. These payments will be made out of the Gross Settlement Amount.

11.  **Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment:**  Class Counsel have represented and continue to represent the Classes on a contingency-fee basis.  That means that attorneys' fees are paid only if money is recovered for the class.  It is common to award attorneys' fees as a percentage of the common fund created by the efforts of the attorneys for the class.  As part of the final approval hearing, Peter M. Hart, of the Law Offices of Peter M. Hart, Larry W. Lee of Diversity Law Group, Kenneth H. Yoon of the Law Offices of Kenneth H. Yoon, and Eric S. Honig of the Law Offices of Eric Honig, will request up to $1,950,000 (or 30% of the Gross Settlement Amount) for their attorneys' fees in connection with their work in this case and up to $20,000 in reimbursement of their reasonable litigation costs and expenses that were advanced in connection with the Action. Defendants do not oppose these payments. Class Members are not personally liable for any fees and costs. These amounts constitute full and complete compensation for all legal fees, costs and expenses of all Class Counsel, including costs and expenses resulting from experts and other vendors retained by Class Counsel in connection with the litigation and all work done through the completion of the litigation, whatever date that may be.  Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the fee request are finally approved by the Court. Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Gross Settlement Amount.

12.  **Payment to LWDA.**  The parties have agreed that the Labor and Workforce Development Agency of the State of California (the "LWDA") will be paid $35,000 out of the Gross Settlement Amount as the LWDA's share of the settlement of penalties. This amount is subject to Court approval.

13.  **Costs of Administration:**  The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses estimated to be $42,500, will be out of the Gross Settlement Amount.

14. **Plaintiffs' and Class Counsel's Support of the Settlement.** Plaintiffs as Class Representatives and Class Counsel support the Settlement. Their reasons include among others, the risk of a trial on the merits, the risk of loss on the merits, the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

## ADDITIONAL QUESTIONS

1. **Are You Suing Me?** YOU ARE NOT BEING SUED. Plaintiffs Jaime Castro and Reyes Alvarez sued *UPS* in a class action *on behalf* of similar employees like you.

2. **If I Do Not Do Anything, What Happens?** If you do not submit a claim within the time period identified in this Notice, and you do not seek exclusion, you will remain in the class, but you will not receive a settlement payment and you will release all of your rights relating to the legal claims in this case. If you want to submit a claim, refer to the Claim for Settlement Share. If you want to exclude yourself from the Class, you must complete and return the Election Not to Participate in Settlement. Please refer to the instructions listed below.

3. **I was both a union member and not a union member between June 23, 2004 and [DATE OF PRELIMINARY APPROVAL]. Am I in the class?** Yes you are, but only for the period of time you were a non-union employee of Defendants. Neither the lawsuit nor the release covers the periods of time that you were a union member or covered by a collective bargaining agreement.

## YOUR RIGHTS AS A CLASS MEMBER

1. **Participating in the Settlement.** Plaintiffs as Class Representatives and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the Settlement, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Defendants and the other released parties described above. As a member of a Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

2. **Commenting on or Objecting to the Settlement.** You may comment on or object to the terms of the Settlement before final approval, either by filing a written comment or objection or filing a notice of your intent to appear and comment or object at the final approval hearing. If the Court rejects your comment or objection, however, you will still be bound by the terms of the Settlement, unless you also submit an Election Not to Participate in Settlement.

   To comment or object, you must send a written comment or objection or a written notice of your intent to appear and comment or object at the final approval hearing to the Court and to counsel at the same addresses shown below.

### SEND YOUR NOTICE TO:

Clerk of Court
United States District Court, Central District of California
Spring Street Courthouse
312 N. Spring Street
Los Angeles, CA 90012

**Also send copies of your notice to the parties' counsel as shown below:**

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Peter M. Hart, Esq.<br>Law Offices of Peter M. Hart<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>Telephone: (310) 478-5789<br>Facsimile: (509) 561-6441<br>hartpeter@msn.com | Jennifer S. Baldocchi, Esq.<br>Elizabeth A. Falcone, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, California 90071<br>Facsimile: (213) 627-0705<br>jenniferbaldocchi@paulhastings.com<br>elizabethfalcone@paulhastings.com |

Larry W. Lee, Esq.
Diversity Law Group, A Professional Corporation
444 S. Flower Street,
Citigroup Center. Suite 1370
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
lwlee@diversitylaw.com

Kenneth H. Yoon, Esq.
Law Offices of Kenneth H. Yoon
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
kyoon@yoon-law.com

Eric Honig, Esq.
Law Offices of Eric Honig
P.O. Box 10327
Marina Del Rey, CA 90295
Telephone: (310) 314-2603
Facsimile: (310) 314-2793
erichonig@aol.com

**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL.**

Any written comment or objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your comment or objection and any legal support for each comment or objection. Your written comment or objection and/or notice of your intent to appear at the hearing must also state your full name, address, date of birth, and the dates of your employment at UPS Freight (or its predecessors, Overnite Corp. and Motor Cargo). To be valid and effective, the Court and Counsel must receive any written comments or objections and/or notices of intent to appear at the hearing not later than _____ __, 2009. A Class Member who fails to file and serve a written comment or objection in the manner described above and by the specified deadline will be deemed to have waived any comments or objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

**Claiming a Settlement Share.** If you wish to receive a Settlement Share, you must complete the enclosed form of Claim for Settlement Share. The Claim form must be completed, signed by you, and returned to the Settlement Administrator by not later than _____, 2009.

**Disputing City Driver Status, the Number of Work Weeks and/or Whether You Have an Applicable Separation Date.** If you dispute whether: (1) you were a non-unionized City Driver between June 24, 2004, and [DATE OF ORDER GRANTING PRELIMINARY APPROVAL], (2) the number of weeks in which you worked in a non-union relevant position during the time period June 24, 2004, to [DATE OF ORDER GRANTING PRELIMINARY APPROVAL], or (3) whether you have an applicable separation date, you still must submit a Claim for Settlement Share in order to receive a Settlement Share. On your Claim for Settlement Share form, state what you contend is the correct information (for example, City Driver status, the number of work weeks and/or

applicable separation date) and include any documentation you have to support your contention.

**Excluding Yourself from the Settlement.** If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement ("Election Not to Participate"). The Election Not to Participate must be completed, signed by you, and mailed, accompanied by a copy of your driver's license or other government-issued identification, to the Settlement Administrator by not later than _____, 2009. A Class Member who fails to mail an Election Not to Participate in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Superior Court, and the Judgment, regardless of whether he or she has objected to the Settlement and whether or not he or she has submitted a Claim for Settlement Share.

Any person who files a complete and timely Election Not to Participate will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a Settlement Share. Any such person, at his or her own expense, may pursue any claims he or she may have against Defendants, their affiliates, predecessor, or acquired companies. An incomplete Election Not to Participate, or an Election Not to Participate that is not accompanied by a copy of a driver's license or government-issued identification, will be deemed invalid.

Consistent with UPS Freight's policies, there will be no retaliation or adverse action taken against any Class Member who participates in the Settlement or elects not to participate in the Settlement.

**The Settlement Administrator's Address.** If applicable, send your corrected Settlement Share Information Sheet or your Election Not to Participate in Settlement to the Settlement Administrator at the following address:

Castro/UPS Settlement Administrator

_____

_____

_____

## THE SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on _____, 2009, at _____ _.m., in Courtroom 11, 2nd Floor, United States District Court, Central District of California, Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve the requests for the Class Representative Payments and Class Counsel's Attorneys' Fees and Expenses Payments, and the LWDA Payment.

The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing. If you have given notice of your comment on or objection to the Settlement, you may appear at the hearing at your option so long as you have filed a notice of intent to appear by _____ __, 2009.**

## GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this litigation including the Settlement Agreement, may be examined at the United States District Court, Central District of California, Spring Street Courthouse, 312 N. Spring Street, Los Angeles, California 90012, during the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding Court holidays, or you may contact Class Counsel or the Settlement Administrator.

**PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS! YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE.**

Dated: _____ __, 2009.

By Order of Judge Otis D. Wright, III
United States District Court Judge

**EXHIBIT B**

[CLAIM FOR SETTLEMENT SHARE]

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN DIVISION

11

12   JAIME CASTRO and REYES              Case No. CV 08-4898 ODW (CWx)
     ALVAREZ as individuals and on
13   behalf of all other similarly situated,   **CLAIM FOR SETTLEMENT**
                                          **SHARE**
14                  Plaintiffs,

15          vs.

16   UPS GROUND FREIGHT, INC., a
     corporation; UNITED PARCEL
17   SERVICE, INC., a corporation;
     OVERNITE CORP., a corporation;
18   and DOES 1 through 20, inclusive,

19                  Defendants.

20

21

22

23

24

25

26

27

28
                                              CLAIM FOR SETTLEMENT SHARE

**IF YOU WANT TO RECEIVE YOUR MONEY SHARE OF THIS CLASS ACTION SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THE FORM, MAIL IT TO THE ADDRESS BELOW POSTMARKED NO LATER THAN [60 DAYS AFTER NOTICE POSTMARK]**

**UPS Freight Settlement Administrator**
**c/o Rust Consulting, Inc.**
**[ADDRESS]**
Toll Free: 1-XXX-XXX-XXX

**PERSONAL INFORMATION FOR CLASS MEMBER RECEIVING THIS NOTICE**

- **Name:**       [To be pre-populated by Settlement Administrator]

- **Address:**    [To be pre-populated by Settlement Administrator]

- **Employee identification number:**    [To be pre-populated by Settlement Administrator]

- **UPS Freight's Records indicate that you held the position of non-unionized, Less-Than-Truckload City Driver between June 24, 2004, and [DATE OF ORDER ON PRELIMINARY APPROVAL] for a total of [To be pre-populated by Settlement Administrator] work weeks.**

- **UPS Freight's Records indicate you held a non-unionized hourly position other than Less-Than-Truckload City Driver between June 24, 2004, and [DATE OF ORDER ON PRELIMINARY APPROVAL] for a total of [To be pre-populated by Settlement Administrator] work weeks.**

- 

CLAIM FOR SETTLEMENT SHARE

- **Your last date of employment (if applicable) is:** [To be pre-populated by Settlement Administrator]

- **Your estimated settlement payment: $[ To be pre-populated by Settlement Administrator].** This estimate is calculated before applicable tax withholdings and deductions. This is only an estimate and may increase or decrease depending on the factors listed in the Notice.

**IF ANY OF THE INFORMATION SHOWN ABOVE IS INCORRECT, PLEASE SO INDICATE IN THE FOLLOWING CHART. ATTACH ANY DOCUMENTATION THAT SUPPORTS YOUR CONTENTION THAT THE INFORMATION IS INCORRECT, UNLESS YOU ARE CORRECTING ONLY YOUR NAME, ADDRESS, OR EMPLOYEE IDENTIFICATION NUMBER:**

| Corrected Information | |
|---|---|
| Corrected Name | |
| Corrected Address (include telephone number, starting with area code) | |
| Corrected employee identification number **or** last four digits of Social Security number | |
| Corrected information as to whether you claim to have been classified as a non-unionized, Less-Than-Truckload City Driver (check **only one** option unless you held **both** a Less-Than-Truckload City Driver position **and** a different hourly position) | ☐ I was a City Driver and not a union member, between June 24, 2004, and [Date of Preliminary Approval].<br><br>☐ I was a non-unionized hourly employee other than a Less-Than-Truckload City Driver at any time between June 24, 2004, and [Date of Preliminary Approval]. |
| Corrected number of work weeks in a non-unionized Less-Than-Truckload City Driver position | |

Any Questions? Call XXX-XXX-XXXX

| | |
|---|---|
| (include any supporting documentation) | |
| Corrected number of work weeks in a non-unionized hourly position other than Less-Than-Truckload city Driver (include any supporting documentation) | |
| Corrected last date of employment (include any supporting documentation) | |

I declare as follows:

    1.    I have received notice of the proposed settlement in this action and I wish to receive my share of the proposed settlement.

    2.    <u>Release of all claims</u>:  I understand that I am a member of a Settlement Class.  This means that – when the settlement becomes final – I will be releasing and discharging UPS (defined under the Settlement to include UPS Ground Freight, Inc., United Parcel Service, Inc. and Overnite Corporation) and its former and present parent, subsidiary, and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims that were raised or could have been raised in the *Castro v. UPS Ground Freight, Inc.* lawsuit, whether known or unknown, arising during the period from June 24, 2004, to [DATE OF PRELIMINARY APPROVAL HEARING] ("Class Members' Released Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which concern alleged improper auto-deductions from my wages, any alleged resulting failure to pay all straight time or overtime wages, failure to provide meal or rest periods, vested vacation or

1  other paid time off, inaccurate pay stubs or wage statements, and all claims for

2  related civil and statutory penalties, including, but not limited to, waiting time

3  penalties and civil penalties under the California Private Attorneys General Act

4  ("PAGA"), Cal. Lab. Code § 2698 *et seq.*), and including interest ("Class

5  Members' Released Claims").  The Class Members' Released Claims include, but

6  are not limited to, claims arising from or dependent on the California Labor Code;

7  the wage orders of the California Industrial Welfare Commission; California

8  Business and Professions Code section 17200 *et seq.*; and common law.

9

10        I declare under penalty of perjury under the laws of the United States

11  of America and the State of California that the foregoing and the information

12  provided below is true and correct.

13

14

15

16  _____
                    (Signature)

17

18  _____
               (Typed or Printed Name)

19

20

21

22  _____
                    (Address)

23

24

25  _____
                (City, State, Zip Code)

26

27

28

Case No.                    -4-              CLAIM FOR SETTLEMENT SHARE

Any Questions?  Call XXX-XXX-XXXX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
(Telephone Number, Including Area Code)


_____ _____ _____ _____
(Last Four Digits of Social Security Number)

Case No.                          -5-              CLAIM FOR SETTLEMENT SHARE

## EXHIBIT C

[ELECTION NOT TO PARTICIPATE IN SETTLEMENT]

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN DIVISION

11

12   JAIME CASTRO and REYES            Case No. CV 08-4898 ODW (CWx)
     ALVAREZ as individuals and on
13   behalf of all other similarly situated,   **ELECTION NOT TO PARTICIPATE**
                                               **IN SETTLEMENT**
14                    Plaintiffs,

15        vs.

16   UPS GROUND FREIGHT, INC., a
     corporation; UNITED PARCEL
17   SERVICE, INC., a corporation;
     OVERNITE CORP., a corporation;
18   and DOES 1 through 20, inclusive,

19                    Defendants.

20

21

22

23

24

25

26

27

28

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT,
DO NOT FILL OUT THIS FORM.**

**ONLY IF YOU DO NOT WANT TO BE INCLUDED IN THE
SETTLEMENT, YOU MUST SIGN THIS DOCUMENT, INCLUDE A COPY
OF YOUR DRIVER LICENSE OR GOVERNMENT IDENTIFICATION
AND MAIL IT TO THE FOLLOWING ADDRESS, POSTMARKED NO
LATER THAN _____, 2009:**
UPS/Castro Settlement Administrator
c/o Rust Consulting
Street Address
City, State, Zip

I declare as follows:

I am, or was, employed by UPS Ground Freight, Inc. (or by its predecessors, Overnite Corp. and/or Motor Cargo) in the State of California as a non-unionized, Less-Than-Truckload City Driver or other hourly employee between June 24, 2004, and [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT]. I have received notice of the proposed Settlement in this action, and I wish to be excluded from the class and *not* to participate in the Settlement. I understand this means that I will not be bound by the Settlement and will not share in the proceeds of the Settlement.

I make this declaration under penalty of perjury under the laws of the United States of America and the State of California.

Dated: _____, 2009.

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

ELECTION NOT TO PARTICIPATE
IN SETTLEMENT

**EXHIBIT D**

[ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT]

1  JENNIFER S. BALDOCCHI (SB# 168945)
   jenniferbaldocchi@paulhastings.com
2  ELIZABETH A. FALCONE (SB# 219084)
   elizabethfalcone@paulhastings.com
3  JENNIFER A. AWREY (SB# 244332)
   jenniferawrey@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  UNITED PARCEL SERVICE, INC., UPS GROUND
   FREIGHT, INC., and OVERNITE CORPORATION
9
   (Counsel for Plaintiffs listed on page 2)
10
                UNITED STATES DISTRICT COURT
11
               CENTRAL DISTRICT OF CALIFORNIA
12
                      WESTERN DIVISION
13

14
   JAIME CASTRO and REYES          | Case No. CV 08-4898 ODW (CWx)
15 ALVAREZ as individuals and on   |
   behalf of all other similarly situated, | **[PROPOSED] ORDER:**
16                                 |
              Plaintiffs,          | **(1) CONDITIONALLY**
17                                 |     **CERTIFYING SETTLEMENT**
         vs.                       |     **CLASSES;**
18                                 |
   UPS GROUND FREIGHT, INC., a     | **(2) PRELIMINARILY APPROVING**
19 corporation; UNITED PARCEL      |     **PROPOSED SETTLEMENT;**
   SERVICE, INC., a corporation;   |
20 OVERNITE CORP., a corporation;  | **(3) APPROVING NOTICE TO**
   and DOES 1 through 20, inclusive, |   **CLASSES AND FORMS OF**
21                                 |     **CLASS MEMBER SETTLEMENT**
              Defendants.          |     **INFORMATION SHEET AND**
22                                 |     **ELECTION NOT TO**
                                   |     **PARTICIPATE IN**
23                                 |     **SETTLEMENT; AND**
                                   |
24                                 | **(4) SETTING HEARING FOR FINAL**
                                   |     **APPROVAL OF SETTLEMENT**
25                                 |
                                   |
26                                 | Date:    March 26, 2009
                                   | Time:    1:30 pm
27                                 | Ctrm.:   11
                                   | Judge:   Hon. Otis D. Wright, III
28

                                1        [PROPOSED] ORDER RE: PRELIMINARY
                                                              APPROVAL

1        On [_____, \_\_], 2009, a hearing was held on the joint motion of

2    Plaintiffs Jaime Castro and Reyes Alvarez and Defendants UPS Ground Freight,

3    Inc., United Parcel Service, Inc., and Overnite Corp. (collectively, "Defendants")

4    for conditional certification of settlement classes in this action, preliminary

5    approval of the parties' proposed settlement, approval of the notice to be sent to the

6    classes about the settlement and the forms of claim for settlement share and election

7    not to participate in the settlement, and the setting of a date for the hearing on final

8    approval of the settlement.  Peter M. Hart of the Law Offices of Peter M. Hart,

9    Larry W. Lee of Diversity Law Group, Kenneth H. Yoon of the Law Offices of

10    Kenneth H. Yoon, and Eric S. Honig of the Law Offices of Eric Honig appeared for

11    Plaintiffs; Jennifer S. Baldocchi and Elizabeth A. Falcone of Paul, Hastings,

12    Janofsky & Walker LLP appeared for Defendants.

13

14        The Court having read and considered the papers on the motion, the

15    arguments of counsel, and the law, and good cause appearing therefore,

16

17        IT IS ORDERED:

18

19       1.    The proposed classes satisfy the requirements of a settlement class

20    because the class members are readily ascertainable and a well-defined community

21    of interest exists in the questions of law and fact affecting the parties.

22       2.    The parties' Settlement Agreement (the "Settlement") (*See* Declaration

23    of Larry W. Lee in Support of Joint Motion for Conditional Certification of Class

24    and Preliminary Approval of Class Action Settlement (hereafter, "Lee Decl."),

25    Exh. 1) is granted preliminary approval as it meets the criteria for preliminary

26    settlement approval.  The Settlement falls within the range of possible approval as

27    fair, adequate, and reasonable, and appears to be the product of arm's-length and

28    informed negotiations and to treat all Class Members fairly.

3.    The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice Of Proposed Class Action Settlement And Final Approval Hearing, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Settlement Agreement, Exh. A), and proposed forms of Claim for Settlement Share and Election Not to Participate in Settlement (*id.*, Exhs. B, C)) are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, the processes for doing so, and the date and location of the final approval hearing, and are therefore approved.

4.    The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

(a)    All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants in California at any time from June 24, 2004, through the date of this Order, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Auto-Deduction Class").

(b)    All past and present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by Defendants in California at any time from June 24, 2004, through the date of this Order, and whose employment with Defendants ended prior to the date of this Order, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) (the "City Driver Terminated Employee Class").

(c)    All past and present non-union, non-exempt (hourly) employees

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL

1  of Defendants who were employed in California at any time from June 24, 2004,

2  through the date of this Order, specifically excluding any employees whose claims

3  were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v.*

4  *UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically

5  excluding any City Driver Class Members (the "Non-City Driver Auto-Deduction

6  Class").

7           (d)        All past and present non-union, non-exempt (hourly)

8  employees of Defendants, who were employed in California at any time from June

9  24, 2004, through the date of this Order, and whose employment with Defendants

10  ended prior to the date of this Order, specifically excluding any employees whose

11  claims were released as part of the settlement of the lawsuit entitled *Javier Munoz,*

12  *et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and

13  specifically excluding any City Driver Class Members (the "Non-City Driver

14  Terminated Employee Class").

15           5.    Class Members will receive a Settlement Share only if they submit a

16  timely and proper Claim for Settlement Share.

17           6.    Class Members will be bound by the Settlement unless they submit a

18  timely and proper Election Not to Participate.

19           7.    Any Class Member who wishes to comment on or object to the

20  Settlement or who elects not to participate in the Settlement has until 60 days after

21  the mailing of the Class Notice to submit his or her comment, objection, or Election

22  Not to Participate pursuant to the procedures set forth in the Notice of Settlement.

23           8.    Rust Consulting, Inc. is appointed to act as the Settlement

24  Administrator, pursuant to the terms set forth in the Settlement.

25           9.    Plaintiffs Jaime Castro and Reyes Alvarez are appointed the Class

26  Representatives.  Peter M. Hart of the Law Offices of Peter M. Hart, Larry W. Lee

27  of Diversity Law Group, Kenneth H. Yoon of the Law Offices of Kenneth H. Yoon,

28  and Eric S. Honig of the Law Offices of Eric Honig are appointed Class Counsel.

[PROPOSED] ORDER RE: PRELIMINARY
                                                                                    APPROVAL

1    10.    Notice shall be disseminated according to the notice plan described in
2    the Settlement Agreement and substantially in the form submitted by the parties.
3    Proof of distribution of notice shall be filed by the parties at or prior to the final
4    approval hearing.

5    11.    Defendants are directed to provide the Settlement Administrator not
6    later than 60 days after the date of this order the Class Member Data as specified by
7    the Settlement Agreement.

8    12.    The Settlement Administrator is directed to mail the approved Class
9    Notice and forms of Claim for Settlement Share and Election Not to Participate in
10    Settlement by first-class mail to the Class Members 15 days after receipt of the
11    Class Member Data, or as soon thereafter as it is practicable to do so.

12    13.    A final hearing will be held on [_____ ___], 2009, at [____], to
13    determine whether the Settlement should be granted final approval as fair,
14    reasonable, and adequate as to the Class Members.    The Court will hear all
15    evidence and argument necessary to evaluate the Settlement, and will consider
16    Plaintiffs' request for Class Representative Payments and Class Counsel's request
17    for the Class Counsel Fees Payment and Class Counsel Litigation Expenses
18    Payment. Class Members and their counsel may support or oppose the Settlement
19    and the motion for awards of the Class Representative Payments, the Class Counsel
20    Fees Payment, and Class Counsel Litigation Expenses Payment, if they so desire, as
21    set forth in the Class Notice.

22    14.    Any Class Member may appear at the final approval hearing in person
23    or by his or her own attorney, and show cause why the Court should not approve
24    the Settlement, or object to the motion for awards of the Class Representative
25    Payments, and the Class Counsel Fees Payment and Class Counsel Litigation
26    Expenses Payment.    For any comments or objections to be considered at the
27    hearing, the Class Member must file comments with the Clerk of Court indicating
28    briefly the nature of the Class Member's comments, support, or objection.    Such

[PROPOSED] ORDER RE: PRELIMINARY
APPROVAL

1    comments must be filed with the Court, and mailed to Class Counsel and
2    Defendants' counsel, not later than 60 days after mailing of the Class Notice.
3         15.    The Court reserves the right to continue the date of the final approval
4    hearing without further notice to Class Members.  The Court retains jurisdiction to
5    consider all further applications arising out of or in connection with the Settlement.
6
7    Dated: _____, 2009.
8
                              _____
9                                   Hon. Otis D. Wright, III
                                 United States District Court Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER RE: PRELIMINARY
APPROVAL

**EXHIBIT E**

[ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAIME CASTRO and REYES ALVAREZ as individuals and on behalf of all other similarly situated, | Case No. CV 08-4898 ODW (CWx) |
| Plaintiffs, | **[PROPOSED] ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE** |
| vs. | |
| UPS GROUND FREIGHT, INC., a corporation; UNITED PARCEL SERVICE, INC., a corporation; OVERNITE CORP., a corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

1    The Joint Motion for final approval of the class action settlement
2    pursuant to Federal Rule of Civil Procedure Rule 23 came on regularly for hearing
3    on _____, 2009 at _____ .m. in Courtroom 11 before the
4    Honorable Otis D. Wright, III pursuant to the Order of this Court granting
5    preliminary approval of the settlement set forth in the Settlement Agreement
6    between the parties ("Agreement"), and due and adequate notice having been given
7    to the Class Members as required in said Order, and the Court having considered
8    all papers filed and proceedings had herein and otherwise being fully informed and
9    good cause appearing therefore, IT IS NOW HEREBY ORDERED THAT:
10
11    1.    All terms used herein shall have the same meaning as defined in
12    the Agreement unless otherwise stated.
13
14    2.    This Court has jurisdiction over the subject matter of this
15    litigation and over all Parties to this litigation, including all Class Members.
16
17    3.    Distribution of the Notice directed to the Class Members as set
18    forth in the Agreement and the other matters set forth therein have been completed
19    in conformity with the Preliminary Approval Order, including individual notice to
20    all Class Members who could be identified through reasonable efforts, and was the
21    best notice practicable under the circumstances.  This Notice provided due and
22    adequate notice of the proceedings and of the matters set forth therein, including
23    the proposed settlement set forth in the Agreement, to all persons entitled to such
24    Notice, and the Notice fully satisfied the requirements of due process.
25
26    4.    The Court finds that the settlement is fair, reasonable and
27    adequate and that Plaintiffs have satisfied the standards and applicable
28

- 2 -

[PROPOSED] ORDER OF FINAL JUDGMENT
AND DISMISSAL WITH PREJUDICE

1   requirements for final approval of class action settlement under Federal Rule of
2   Civil Procedure 23(e).

3

4       5.      The Court hereby approves the settlement set forth in the
5   Agreement and finds that the settlement is, in all respects, fair, adequate and
6   reasonable and directs the Parties to effectuate the settlement according to its
7   terms.  The Court finds that the settlement has been reached as a result of
8   intensive, serious and non-collusive arms-length negotiations.  The Court further
9   finds that the Parties have conducted appropriate investigation and research and
10  counsel for the Parties are able to reasonably evaluate their respective positions.
11  The Court also finds that settlement at this time will avoid additional substantial
12  costs, as well as avoid the delay and risks that would be presented by the further
13  prosecution of the Action.  The Court has reviewed the relief that is being granted
14  as a result of the Action and settlement, and recognizes there is a significant benefit
15  to the Class.

16

17      6.      For purposes of this Judgment, the Class includes all the
18  following:

19

20      a.      "City Driver Auto-Deduction Class" means all past and present
21  non-union, non-linehaul, Less-Than-Truckload City Drivers employed by
22  Defendants at any time from June 24, 2004, through [the date of preliminary court
23  approval of the Settlement], in California, specifically excluding any employees
24  whose claims were released as part of the settlement of the lawsuit entitled Javier
25  Munoz, et al. v. UPS Ground Freight, Inc. (N.D. Cal. Case No. C07-00970 MJJ).

26

27      b.      "City Driver Terminated Employee Class" means all past and
28  present non-union, non-linehaul, Less-Than-Truckload City Drivers employed by

- 3 -

1    Defendants at any time from June 24, 2004, through [the date of preliminary court

2    approval of the Settlement], in California, whose employment with Defendants

3    ended prior to the date of preliminary court approval of the Settlement, specifically

4    excluding any employees whose claims were released as part of the settlement of

5    the lawsuit entitled Javier Munoz, et al. v. UPS Ground Freight, Inc. (N.D. Cal.

6    Case No. C07-00970 MJJ).

7

8            c.      "Non-City Driver Auto-Deduction Class" means all past and

9    present non-union, non-exempt (hourly) employees of Defendants who were

10    employed at any time from June 24, 2004, through [the date of preliminary court

11    approval of the Settlement], in California, specifically excluding any employees

12    whose claims were released as part of the settlement of the lawsuit entitled Javier

13    Munoz, et al. v. UPS Ground Freight, Inc. (N.D. Cal. Case No. C07-00970 MJJ)

14    and specifically excluding any City Driver Class Members.

15

16            d.      "Non-City Driver Terminated Employees Class" means all past

17    and present non-union, non-exempt (hourly) employees of Defendants, who were

18    employed at any time from June 24, 2004, through [the date of preliminary court

19    approval of the Settlement], in California, whose employment with Defendants

20    ended prior to the date of preliminary court approval of the Settlement, specifically

21    excluding any employees whose claims were released as part of the settlement of

22    the lawsuit entitled Javier Munoz, et al. v. UPS Ground Freight, Inc. (N.D. Cal.

23    Case No. C07-00970 MJJ) and specifically excluding any City Driver Class

24    Members.

25

26

27

28

1           7.    As set forth in the Court's Preliminary Approval Order, Jaime

2    Castro and Reyes Alvarez are appointed the Class Representatives, and Peter M.

3    Hart, Esq., of Law Offices of Peter M. Hart, Larry W. Lee, Esq., Daniel H. Chang,

4    Esq., and Craig S. Hubble, Esq., of Diversity Law Group, Kenneth H. Yoon, Esq.,

5    of Law Offices of Kenneth H. Yoon, and Eric S. Honig, Esq., of Law Offices of

6    Eric S. Honig are appointed as Class Counsel, with Peter M. Hart as lead class

7    counsel.

8

9           8.    As of the date of this Judgment, Plaintiffs' Released Claims and

10   Participating Class Member Released Claims are and shall be deemed to be

11   conclusively released as against Defendants as set forth in the Agreement. All

12   Class Members as of the date of this Order are hereby forever barred and enjoined

13   from prosecuting the Participating Class Member Released Claims against the

14   Defendants as set forth in the Agreement.

15

16          9.    Neither the settlement nor any of the terms set forth in the

17   Settlement is an admission by Defendants nor is this Judgment a finding of the

18   validity of any claims in the Action or of any wrongdoing by Defendants. Neither

19   this Judgment, the Settlement, nor any document referred to herein, nor any action

20   taken to carry out the Settlement is, may be construed as, or may be used as an

21   admission by or against Defendants of any fault, wrongdoing or liability

22   whatsoever. The entering into or carrying out of the Agreement, and any

23   negotiations or proceedings related thereto, shall not in any event be construed as,

24   or deemed to be evidence of, an admission or concession with regard to the denials

25   or defenses by Defendants and shall not be offered in evidence in any action or

26   proceeding in any court, administrative agency or other tribunal for any purpose

27   whatsoever other than to enforce the provisions of this Judgment entered herewith,

28   the Agreement, or any other related agreement or release. Notwithstanding these

[PROPOSED] ORDER OF FINAL JUDGMENT
AND DISMISSAL WITH PREJUDICE

1  restrictions, any of the Defendants may file in the Action or in any other

2  proceeding the Judgment, Agreement, or any other papers and records on file in the

3  Action as evidence of the Settlement to support a defense or res judicata, collateral

4  estoppel, release, or other theory of claim or issue preclusion or similar defense as

5  to the Participating Class Member Released Claims.

6

7        10.    The Court hereby dismisses the Action on the merits and with

8  prejudice pursuant to the terms set forth in the Agreement between Plaintiffs and

9  Defendants.  Without affecting the finality of the Judgment entered herewith in any

10  way, this Court hereby retains continuing jurisdiction over the interpretation,

11  implementation and enforcement of the settlement and all orders and judgments

12  entered in connection therewith.

13

14        11.    The Claims Administrator shall determine the "Net Settlement

15  Amount" by deducting (i) the Class Representative Payments; (ii) the Class

16  Counsel Fees Payment and the Class Counsel Litigation Expenses Payment; (iii)

17  the payment to the California Labor and Workforce Development Agency (the

18  "LWDA"); (iv) the Settlement Administrator's reasonable fees and expenses. The

19  Claims Administrator shall then determine the amount to be paid to each Class

20  Member in accordance with the formula set forth in the Agreement.  Defendants

21  shall pay to each of said Class Members the amount so calculated, less withholding

22  for applicable state and federal taxes on the portion treated as wages.  Payment of

23  these amounts is fair and reasonable in light of all the circumstances of this case.

24  The Claims Administrator shall mail the settlement payments to each eligible Class

25  Member as set forth in the Agreement.

26

27        12.    The Court hereby awards to Class Counsel attorneys' fees in

28  the amount of One Million Nine-Hundred Fifty Thousand Dollars ($1,950,000.00),

[PROPOSED] ORDER OF FINAL JUDGMENT
AND DISMISSAL WITH PREJUDICE

1    which are to paid from the Gross Settlement Amount pursuant to the terms and

2    timing set forth in the Settlement.   The Court hereby awards to Class Counsel

3    litigation costs in the amount of _____ ($_____.00), which are

4    to paid from the Gross Settlement Amount pursuant to the terms and timing set

5    forth in the Agreement.

6

7            13.    The Court hereby awards Class Representative Payments to the

8    Class Representatives Jaime Castro and Reyes Alvarez in the amount of $20,000

9    each, which is to be paid from the Gross Settlement Amount pursuant to the terms

10   and timing set forth in the Agreement.

11

12           14.    The Court hereby approves the administration costs to Rust

13   Consulting, Inc. in the amount of $42,500, which are to be paid from the Gross

14   Settlement Amount pursuant to the terms and timing set forth in the Agreement.

15

16           15.    The Court hereby approves the payment to the Labor

17   Workforce Development Agency in the amount of $35,000.00 as the LWDA's

18   share of the settlement of civil penalties paid under the Agreement pursuant to

19   PAGA, which are to be paid from the Gross Settlement Amount pursuant to the

20   terms and timing set forth in the Agreement.

21

22           16.    If the settlement does not become final and effective in

23   accordance with the terms of the Agreement, then this Judgment and all orders

24   entered in connection therewith, shall be rendered null and void and shall be

25   vacated.IT IS SO ORDERED

26

27   DATED: _____        _____

28                               Hon. Otis D. Wright, III
                                 United States District Court Judge

[PROPOSED] ORDER OF FINAL JUDGMENT
                                AND DISMISSAL WITH PREJUDICE