# EXHIBIT B
# TO DECLARATION OF
# LARRY W. LEE

## Memorandum of Agreement

Subject to final approval by the District Court, which the parties and their counsel will recommend in good faith to the District Court, and with the proviso that this Memorandum of Agreement will be further memorialized in a formal written agreement, plaintiffs Jaime Castro and Reyes Alvarez ("Plaintiffs") and defendants UPS Ground Freight, Inc., United Parcel Service, Inc. and Overnite Corp. (collectively, "Defendants"), hereby agree to the following binding settlement (the "Settlement") of the class action entitled "*Jaime Castro, et al. v. UPS Ground Freight, Inc., et al.*," No. CV08-4898 ODW (CWx) (the "Action"), pending before the United States District Court, Central District of California (the "Court" or the "District Court"):

1. <u>Class Definition</u>: For purposes of the Settlement only, a Settlement Class of four sub-classes (collectively, the "Class Members") will be proposed for certification:

   a. The City Driver Classes (presently estimated to number 1,039 members)

      (1) *Auto-Deduction Class:* All past and present non-union Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, specifically excluding linehaul drivers and specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ).

      (2) *Terminated Employees Class:* All past and present non-union Less-Than-Truckload City Drivers employed by Defendants at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding linehaul drivers and specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ).

   b. The Non-City Driver Classes (presently estimated to number 2,392 members)

      (1) *Auto-Deduction Class:* All past and present non-exempt (hourly) employees of Defendants who were employed at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, specifically

excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any members of the City Driver Classes.

(2) *Terminated Employees Class:* All past and present non-exempt (hourly) employees of Defendants, who were employed at any time from June 24, 2004, through the date of preliminary court approval of the Settlement, whose employment with Defendants ended prior to the date of preliminary court approval of the Settlement, specifically excluding any employees whose claims were released as part of the settlement of the lawsuit entitled *Javier Munoz, et al. v. UPS Ground Freight, Inc.* (N.D. Cal. Case No. C07-00970 MJJ) and specifically excluding any members of the City Driver Classes.

2. Maximum Settlement Amount: The claims of all putative class members are settled for a maximum sum of no more than $6,500,000.00 (the "Maximum Settlement Amount") collectively, assuming all class members submit claims, inclusive of: (a) class representative payments to named plaintiffs Jaime Castro and Reyes Alvarez; (b) a payment to the California Labor Workforce Development Agency ("LWDA") for its share of the settlement of claims for civil penalties; (c) class counsel's attorneys' fees and costs to compensate for all services to date and all future services to be rendered with respect to the Settlement (including all attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing district court and appellate court approval of the Settlement, attending to the administration of the Settlement, and obtaining a dismissal of the Action); (d) all expenses associated with settlement administration. The remainder shall constitute the Net Settlement Amount. This Settlement does not constitute a fund within the meaning of California Code of Civil Procedure Section 384. $2,000,000 of the Maximum Settlement Amount (allocated to the Non-City Driver Classes per Paragraph 3 below) shall be subject to data verification.

3. Allocation of Net Settlement Amount: The Net Settlement Amount shall be allocated between the City Driver Classes and the Non-City Driver Classes according to the same proportion as $4,500,000 and $2,000,000 are to $6,500,000.

4. Participating Class Members and Claims-Made Process: All Class Members, other than those who timely and properly elect not to participate in the Settlement, will be Participating Class Members and bound by the Settlement. Only Participating Class Members who timely and properly submit claims will be entitled to receive a settlement payment. The parties will apply the formula set forth below for allocating the portion of the Net Settlement Amount to Participating Class Members. It is expressly understood that if fewer than all Class Members timely and properly submit claims, the total amount paid by Defendants will be less than the Net Settlement Amount

and the residual will remain Defendants' exclusive property, except that Defendants will in no event distribute to Class Members less than 50% of the Net Settlement Amount. Any difference between the share originally allocated to Participating Class Members and 50% of the Net Settlement Amount shall be distributed among Participating Class Members pursuant to Paragraph 9.a., below.

     5.    <u>Treatment of Class Settlement Payments</u>: Fifty percent of all settlement payments will be treated as payments in settlement of wage claims, and applicable tax deductions and withholdings will be taken. The employer share of taxes applicable to that percentage of the settlement payments will be made by the employer, not from the Maximum Settlement Amount.

     6.    <u>Payment to LWDA</u>: From the Maximum Settlement Amount, Defendants will pay $35,000.00 to the LWDA as its share of the settlement attributable to civil penalties under the California Labor Code recoverable under the Labor Code Private Attorney General Act ("PAGA").

     7.    <u>Class Representative Payment</u>: Class counsel will request, and Defendants will not oppose, payment to the class representatives, Jaime Castro and Reyes Alvarez, in addition to whatever payment they are otherwise entitled to as class members, service payments from the Maximum Settlement Amount in the amount of $20,000.00 each. Defendants will issue to Plaintiffs Forms 1099 for their service payment amounts.

     8.    <u>Attorneys' Fees and Costs</u>: Defendants will not oppose Plaintiffs' application to the District Court for attorneys' fees in the amount of 30 % of the Maximum Settlement Amount and expenses not to exceed $20,000.00 incurred in the *Castro* Action by class counsel. Defendants will issue to class counsel Forms 1099 with respect to their awarded attorneys' fees and expenses.

     9.    <u>Distributions to Class Members, LWDA, Plaintiffs, and Class Counsel</u>:

          a.    The Net Settlement Amount will be distributed to each Participating Class Member based on the number of Compensable Work Weeks that the individual worked during the class period (from June 24, 2004 to the date of preliminary court approval of the Settlement). Participating members of both of the Terminated Employee Classes' claims will be valued at 1.1 times the member's Compensable Work Weeks. Every Participating Class Member who timely and properly submitted a claim will be entitled to his or her allocated share of the Net Settlement Amount. If the amount claimed totals less than 50% of the Net Settlement Amount, the shares of the Participating Class Members will be derived from 50% of the Net Settlement Amount.

          b.    Any disputes (including those concerning the period of time a claimant worked in a covered position) shall be resolved by the court-appointed settlement administrator. UPS Ground Freight, Inc.'s (or Motor Cargo or Overnite Corporation's) records will have a rebuttable presumption of accuracy, and the claims administrator shall have the final say on all disputed claims. The parties jointly recommend that Rust Consulting, subject to bids, be appointed claims administrator.

3

      c.    Once the Settlement becomes Final as defined below, the Maximum Settlement Amount will be distributed as follows:

      (1)    The payments to Plaintiffs for their awarded class representative payments and to class counsel for their awarded attorneys' fees and expenses will be made within two weeks after the Settlement becomes Final.

      (2)    The payments to the LWDA and the payments to Participating Class Members (which class member payments are to be made from the Net Settlement Amount, as set out herein) who do not dispute their settlement shares (or whose disputes have been resolved) will be made within four weeks after the Settlement becomes Final.

      d.    "Final" means that the Settlement has been finally approved by the District Court and either (i) the U.S. Court of Appeal for the Ninth Circuit or the U.S. Supreme Court has rendered a final judgment affirming the Court's final approval of the Settlement without material modification, and the applicable date for seeking further appellate review has passed; or (ii) 61 days after Final Approval, absent timely filing of an appeal.

10.    <u>Process for Final Approval</u>

      a.    After this Memorandum of Agreement is memorialized in a formal written agreement, the parties will jointly move the District Court for preliminary approval of the Settlement. Plaintiffs' counsel will prepare a draft motion for Preliminary Approval for review and comment by Company counsel. Company counsel will prepare a draft Settlement Agreement, Notice, and Claim form for review and comment by Plaintiffs' counsel.

      b.    Within 30 days after the District Court grants preliminary approval, UPS Ground Freight, Inc. will provide to the Settlement Administrator the names, last known addresses and telephone numbers, Social Security numbers, and the number of Compensable Work Weeks of all members of each sub-class. For members of each of the *Terminated Employee Classes*, UPS Ground Freight, Inc. also will provide the date of termination.

      c.    Within 15 days after receiving the Class Member information from UPS Ground Freight, Inc., the Settlement Administrator will send notice of the settlement, the claims form, and the form of election not to participate in the Settlement (as proposed by the parties and approved by the Court) to each Class Member. In the event of returned or non-deliverable notices, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the notices.

      d.    Not later than 30 days after mailing notice of the Settlement and the form of election not to participate in the Settlement, the Settlement Administrator will send a reminder post-card to those class members who have not submitted a claim form.

   e. In order to elect not to participate in ("opt out" of) the Settlement, a Class Member must sign an election not to participate, accompanied by a copy of their driver's license or other form of government-issued identification, and submit it to the Settlement Administrator by not later than 60 days after notice of the Settlement was mailed. If 5% or more of the Class Members, or a number of Class Members whose share of the Class Settlement Proceeds represents 5% or more of the total, validly elect not to participate in the Settlement, Defendants will have the right to rescind the Settlement and the Settlement and all actions taken in its furtherance will be null and void. Defendants must exercise this right within 21 days after the Settlement Administrator notifies the parties of the valid elections not to participate received, which the Settlement Administrator will do within 21 days after the deadline for submission of the elections not to participate. If Defendants elect to rescind this Settlement, pursuant to this paragraph, then Defendants will pay for the costs of the Settlement Administrator.

   f. In order to object to the Settlement, a Class Member must file his or her objection, and serve it on the parties, not later than 60 days after notice of the Settlement was mailed.

   g. In order to claim his or her share of the Settlement, a Class Member must accurately complete and sign under penalty of perjury (or other mutually agreed verification) his or her claim form; and submit the claim form by not later than 60 days after notice of the Settlement was mailed. Each claim form will list the number of Compsensable Work Weeks for the Class Member shown by Defendants' records. Each Class Member may dispute the accuracy of the stated number of Compensable Work Weeks. In the event of a dispute, Defendants' records will be presumed to be correct, but that presumption may be rebutted by the Class Member's showing. The Settlement Administrator will resolve all such disputes, and the Settlement Administrator's resolution will be binding on all parties. The claims form also will set forth the Class Member's release of claims.

   h. If Defendants do not exercise the right to rescind the Settlement based on the number of Class Members who elect not to participate in the Settlement, the parties will jointly move the District Court for final approval of the Settlement and Plaintiffs will separately move for an award of their class representative payments and class counsel's attorneys' fees and expenses pursuant to the Settlement, which Defendants will not oppose. Plaintiffs' Counsel will prepare the Motion for Final Approval for review and comment by Company Counsel.

   i. If the District Court does not grant final approval of the Settlement, or if the District Court's final approval of the Settlement is reversed or materially modified on appellate review, then this Settlement will become null and void. In this even, the parties will share evenly the costs of the Settlement Administrator.

  11. <u>Release of Claims</u>:

   a. *Named Plaintiffs.* In consideration of their awarded class representative payments, their settlement payments, and the other terms and conditions of

the Settlement, Jaime Castro and Reyes Alvarez release any and all claims against Defendants (including all parent, subsidiary, predecessor, successor, and related companies, and all of their agents), including but not limited to those claims raised in the Action and those arising from or related to their employment with Defendants, and waive the protection of California Civil Code section 1542.

      b.    *Participating Class Members:* In consideration of their settlement payments and the other terms and conditions of the Settlement, each Participating Class Member who does not timely and validly opt-out of the class settlement, releases any and all claims, including claims under California Business & Profession Code Section 17200, against Defendants (including all parent, subsidiary, predecessor, successor, and related companies, and all of their agents) that were raised or could have been raised in the *Castro* action based on the alleged auto-deductions, the alleged resulting failure to pay all straight time or overtime wages, failure to provide meal or rest periods, vested vacation or other paid time off, inaccurate pay stubs or wage statements, all claims for related civil and statutory penalties (including, but not limited to, waiting time penalties and civil penalties under PAGA), and interest, whether founded on state or federal law, and waives the protection of California Civil Code section 1542 with respect to those claims.

      c.    In consideration of their awarded attorneys' fees and expenses, class counsel waives any and all claims to any further attorneys' fees and expenses in connection with the *Castro* action.

    12.    <u>Communications</u>: The parties and their counsel agree that they will not issue any press or other media releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press, media, or anyone else regarding this case and/or the fact, amount or terms of the Settlement. Any communication about the Settlement to Class Members prior to the court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming court-approved notice. If Plaintiffs or their attorneys disclose to any non-party that (i) a settlement has been reached or (ii) any of the terms of the Settlement, before the Settlement is preliminarily approved, Defendants may rescind the Settlement, rendering it null and void.

    13.    <u>Fair, Adequate and Reasonable Settlement</u>: The parties agree that the Settlement is fair and reasonable and will so represent to the Court. In addition, Mediator David Rotman may, at his discretion, execute a declaration supporting the Settlement and the reasonableness of this Settlement, and the Court may, in its discretion, contact Mr. Rotman to discuss the Settlement and whether or not the Settlement is fair and reasonable.

    14.    <u>Waiver of Appeals</u>: The parties waive all appeals from the District Court's final approval of the Settlement unless the District Court materially modifies the Settlement. An award by the District Court of less amounts than sought for payments to the class representatives or class counsel's attorneys' fees and expenses will not be a material modification of the Settlement.

15. <u>Disposition of Uncashed Settlement Checks</u>: If a Participating Class Member fails to cash a check for his or her settlement payment within 120 days after it is mailed to the Class Member, the Settlement Administrator will escheat the check to the State of California or any other State having jurisdiction over the Class Member's assets.

16. <u>Class Certification</u>: The parties agree that the joint motion for preliminary approval seeking, *inter alia*, certification of a class is for purposes of the Settlement only and if, for any reason, the Settlement is not approved, the certification will have no force or effect and will be immediately revoked. The parties further agree that certification for purposes of the Settlement is in no way an admission that class certification is proper under the more stringent standard applied for litigation purposes and that this Settlement will not be admissible in this or any other proceeding as evidence that (i) a class should be certified as Plaintiffs propose or (ii) Defendants are liable to Plaintiffs or the Class as Plaintiffs allege.

Dated: December 15, 2008.

LAW OFFICES OF PETER HART

By: _____
Peter M. Hart, Esq.

_____
KENNETH YOON

_____
LARRY LEE

_____
ERIC HONIG

UPS GROUND FREIGHT, INC.

By: _____
Bryan Brum, Esq.

PAUL HASTINGS JANOFSKY & WALKER, LLP

By: _____
Jennifer S. Baldocchi, Esq.

7

LEGAL_US_W # 60556542.1

15. <u>Disposition of Uncashed Settlement Checks</u>: If a Participating Class Member fails to cash a check for his or her settlement payment within 120 days after it is mailed to the Class Member, the Settlement Administrator will escheat the check to the State of California or any other State having jurisdiction over the Class Member's assets.

16. <u>Class Certification</u>: The parties agree that the joint motion for preliminary approval seeking, *inter alia*, certification of a class is for purposes of the Settlement only and if, for any reason, the Settlement is not approved, the certification will have no force or effect and will be immediately revoked. The parties further agree that certification for purposes of the Settlement is in no way an admission that class certification is proper under the more stringent standard applied for litigation purposes and that this Settlement will not be admissible in this or any other proceeding as evidence that (i) a class should be certified as Plaintiffs propose or (ii) Defendants are liable to Plaintiffs or the Class as Plaintiffs allege.

Dated: December 15, 2008.

LAW OFFICES OF PETER HART

By: _____
Peter M. Hart, Esq.

_____
KENNETH YOON

_____
LARRY LEE

_____
ERIC HONIG

UPS GROUND FREIGHT, INC.

By: _____
Bryan Brum, Esq.

PAUL HASTINGS JANOFSKY & WALKER, LLP

By: _____
Jennifer S. Baldocchi, Esq.

LEGAL_US_W # 60556542.1